UNITED STATES of America, Appellee,

v.

Larry DICKENS, Appellant.

No. 88–2263.

United States Court of Appeals,
Eighth Circuit.

Submitted April 26, 1989.

Decided July 17, 1989.

R. Thomas Day, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Patricia McGarry, Asst. U.S. Atty., for appellee.

Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Larry Dickens pleaded guilty to two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to thirty months in prison. The sole issue on appeal is whether the District Court[1] erred in considering a 1982 misdemeanor conviction for passing bad checks in determining Dickens's criminal history score under the Sentencing Guidelines. We affirm.

The Sentencing Guidelines provide for an increase in the applicable sentencing range based on a defendant's criminal history score. This score is determined by assigning a point value to prior convictions. Hence, each prior conviction can potentially increase a defendant's sentence. The Guidelines, though, instruct that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." Sentencing Guidelines § 4A1.2., Application Note 6.

In this case, Dickens's criminal history score included two points for a 1982 misdemeanor conviction for passing a bad check. Dickens alleges that his guilty plea in that case was taken in violation of *Boykin*,[2] and therefore the District Court erroneously considered that conviction.

The District Court held an evidentiary hearing on this matter. The parties stipulated that the only record of the conviction was a state court docket sheet indicating that Dickens's case was "heard" and that Dickens was represented by Gene Overall, then an assistant public defender. The government called attorney Overall as a witness. He testified that, although he recognized the defendant, he had no specific recollection of Dickens's case. Overall, however, testified in detail as to the custom and practice of the state trial judge who accepted Dickens's plea of guilty. He testified that it was the judge's practice to examine the defendant's understanding of the rights he was relinquishing by pleading guilty, and that this practice was in accordance with Missouri Supreme Court Rules. Further, Overall testified that the trial judge customarily filled out a form as he went through his colloquy with the defendant, and that the judge had the defendant sign the form.[3] Overall also testified that it was his practice, in 1982, to fully advise his clients of their rights prior to the entry of a guilty plea. Dickens chose not to testify at the hearing.

Based upon the evidence before it, the District Court found that the government had "carried its initial burden of proof by a preponderance of the evidence that defendant Dickens' prior conviction ... is a valid conviction." *United States v. Dickens*, No. 88–80CR(1), slip op. at 1 (E.D.Mo. Aug. 16, 1988). The District Court further found that "[w]ithout a plea transcript indicating that the guilty plea was not valid, or testimony to that effect by a participant in the plea proceeding (*i.e.*, defendant, defendant's attorney, the prosecutor, the judge, or etc.), defendant Dickens has failed to carry his burden to establish the invalidity of his guilty plea and conviction." *Id.* at 2.

Dickens contends that a silent record and evidence of habit and custom are insufficient to establish that his guilty plea was voluntarily and knowingly made. We disagree. When a prior conviction is a number of years old and there is no transcript of the taking of the plea, "evidence of the trial court's practice is precisely the evidence which the government will have at

---

1. The Honorable John F. Nangle, Chief United States District Judge for the Eastern District of Missouri.

2. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (requiring that the record show that a defendant who pleaded guilty entered his plea understandingly and voluntarily).

3. Overall testified that he was unable to obtain the form used by the judge in this case because the case file had been destroyed.

its disposal." *United States v. Goodheim,* 686 F.2d 776, 777 (9th Cir.1982). We previously have recognized the validity of relying on evidence of the custom and practice of trial attorneys and judges to refute allegations of procedural infirmities. *See Brim v. Solem,* 693 F.2d 44, 45 (8th Cir. 1982), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1530, 75 L.Ed.2d 951 (1983) (testimony of defendant's attorney as to his and the trial court's practice was sufficient to prove defendant had been advised of his right to appeal). The Ninth Circuit has specifically held that evidence of custom and practice is sufficient to demonstrate compliance with *Boykin. See Goodheim,* 686 F.2d at 777 (testimony of attorneys of trial court's consistent practice in taking pleas was sufficient to prove validity of a plea); *see also Bouchillon v. Estelle,* 628 F.2d 926, 928 n. 5 (5th Cir.1980) ("Evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards in a hearing on a petition for habeas corpus.").

In the present case, the government offered the testimony of Dickens's attorney in the 1982 case. This testimony clearly established that the trial judge consistently followed the practice of probing a defendant's understanding of the meaning and consequences of his guilty plea. Further, the attorney testified that it was his practice to thoroughly advise his clients in advance of the rights they would be waiving by entering a guilty plea. Dickens chose not to testify. We hold that the District Court's finding that Dickens had failed to carry his burden to establish the invalidity of his 1982 misdemeanor conviction is neither clearly erroneous nor the product of any error of law.

The sentence of thirty months imposed by the District Court is affirmed.