**UNITED STATES of America, Appellee,**

v.

**John Arney WHITE, Appellant.**

**No. 88–2750.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Nov. 30, 1989.

---

Lee T. Lawless, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Frederick E. Buckles, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, BOWMAN and MAGILL, Circuit Judges.

BOWMAN, Circuit Judge.

John Arney White challenges the sentence he received for a federal firearms violation. The sentence was imposed pursuant to a federal enhancement statute applicable in this case because of White's prior convictions. We affirm.

White was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Supp. V 1987). The District Court[1] sentenced him to fifteen years in prison without parole pursuant to 18 U.S.C. § 924(e) (Supp. V 1987). That enhancement statute mandates a minimum fifteen year sentence upon conviction of a defendant charged with possession of a firearm by a felon, if the defendant has three or more previous convictions for violent felonies or serious drug offenses. A "violent felony" includes, among others, a crime that is punishable by more than one year in prison and involves force or threatened force, or "is burglary." *Id.* § 924(e)(2)(B). White's 1980, 1981, and 1982 convictions in Missouri for burglary second degree subjected him to an enhanced sentence under this provision.

White appeals the enhanced sentence on three grounds: (1) the previous convictions for burglary second degree were erroneously classified as "burglary" within the meaning of the statute; (2) the enhanced sentence violates White's fifth amendment equal protection rights in that convictions for identical offenses in other states are not called "burglary" and so would not be used to enhance a sentence under the federal statute; (3) at least two of the three convictions used to enhance White's sentence were the result of unconstitutional guilty pleas.

In connection with his first claim, White argues that the convictions used to enhance his sentence were for burglaries that did not involve weapons and occurred in buildings unoccupied at the time of the crimes. His contention is that, despite the plain language of the statute, these burglary convictions were not the type of burglary offenses contemplated by Congress when it enacted the enhancement provision. This Court already has indicated it finds no merit in that argument. "In our view, the statute says 'burglary,' and we take that to mean 'burglary,' however a state may choose to define it." *United States v. Portwood*, 857 F.2d 1221, 1223–24 (8th Cir. 1988), *cert. denied,* — U.S. —, 109 S.Ct. 2073, 104 L.Ed.2d 638 (1989). As conceded by White and noted by the government, *Portwood* establishes the law of this Circuit, and White cannot prevail on this argument.

White next argues that the enhancement provision as applied violates his equal protection rights. He claims that similarly situated persons in other states are not subject to enhanced sentences, because other state laws do not define White's previous burglary offenses as "burglary."

■■■ We agree with the government that, since this issue was neither raised by White in the earlier proceedings nor addressed by the District Court, the issue is not properly before us. *See Page v. United States*, 282 F.2d 807, 810–11 (8th Cir. 1960) (where claim as to constitutionality of statute under which defendant was charged was not raised in district court, it would not be reviewed on appeal). What the Court said in *Page* is also true here: "[The statute] is certainly not so plainly

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

unconstitutional that the failure of the trial court or this Court to hold it so can be regarded as a plain error or a culpable neglect of judicial duty." *Id.* at 811 (citation omitted). Moreover, even if White's equal protection claim were properly before us, we believe that it would fail, since a federal court may look to the substance of a defendant's prior conviction and treat it as burglary for purposes of 18 U.S.C. § 924(e) even though the law of the state in which the conviction occurred calls the offense by some name other than burglary. For example, we recently affirmed the use of a breaking and entering conviction to enhance a sentence under section 924(e). *United States v. Payton,* 878 F.2d 1089, 1092 (8th Cir.1989). In *Payton,* we held that the district court had properly deemed the offense a burglary for purposes of section 924(e), even though it was not called "burglary" in the state statute.[2]

■ Finally, White argues that at least two of the three convictions used to enhance his sentence were the result of constitutionally invalid guilty pleas. He claims the pleas were taken in violation of the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), as he did not make them intelligently and voluntarily. The District Court conducted a hearing on White's claim and filed a written memorandum finding each of the disputed guilty pleas valid. We review these findings under the clearly erroneous standard, *see* Fed.R.Civ.P. 52(a), and for application of proper legal standards. *United States v. Dickens,* 879 F.2d 410, 412 (8th Cir.1989). We conclude that the District Court applied the proper legal standards and that its findings that the disputed guilty pleas are valid are not clearly erroneous.

White's challenges are to his 1980 and 1982 guilty pleas and the subsequent convictions. A transcript of the 1980 plea proceedings was unavailable, so the District Court conducted an evidentiary hearing and found no *Boykin* violation in that plea. We find no error in the District Court's ruling.

White attacks the constitutionality of the 1982 guilty plea on the ground that the transcript of the proceedings omits any mention of defendant's privilege against self incrimination. The District Court examined "the record as a whole" and, considering White's previous experience with the criminal justice system, found no *Boykin* violation. *See Stacey v. Solem,* 801 F.2d 1048, 1050 (8th Cir.1986) ("Thus we must examine whether the record as a whole shows a voluntary and intelligent plea."). We have reviewed the transcript and are satisfied the District Court's finding that this plea was constitutionally valid is not clearly erroneous.

■ White contends that the District Court erred in not requiring the government to prove beyond a reasonable doubt that the pleas resulting in the convictions that were used to enhance his present sentence met the *Boykin* standards. White cites no cases for his position and, in fact, there is authority from this Court that is quite the contrary. In a recent opinion, a panel of this Court upheld a sentence imposed under the Federal Sentencing Guidelines that had been increased from the base offense level because of the defendant's prior conviction. *Dickens,* 879 F.2d at 411. The previous conviction was the result of a guilty plea that appellant challenged under *Boykin.* Using a preponderance of the evidence standard, the district court found the conviction constitutionally valid, and we affirmed. *Id.* Based on

---

2. At oral argument, appellant cited *Payton* as support for his claim that *Portwood* was incorrectly decided. He contends that if a court may look beyond an offense called "breaking and entering" and find a burglary, it should be permitted to look behind an offense called "burglary" and find no burglary. This contention is specious. We direct White's attention to the portion of the *Portwood* opinion where we said that the possibility of the property owner's re-

turn or of investigation by a neighbor or law enforcement officer during an offense involving breaking and entering "present a grave threat of harm to persons." *Portwood,* 857 F.2d at 1224 (construing burglary second degree under Missouri law). We stated that burglary convictions *ipso facto* define a defendant as "the type of potential threat to society that Congress sought to control by the enactment of § 924(e)." *Id.*

*Dickens,* we reject the higher burden of proof proposed by White.

As we find no merit in any of White's arguments on appeal, his sentence is affirmed.