**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Winford Earl BROWN,
Defendant–Appellant.**

No. 89–1999.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 20, 1989.

Decided April 12, 1990.

Clifford J. Proud and James Porter, Asst. U.S. Attys., Office of U.S. Atty., East St. Louis, Ill., for plaintiff-appellee U.S.

Renee E. Schooley, Federal Public Defender, St. Louis, Mo., for defendant-appellant Winford E. Brown.

Before WOOD, Jr., POSNER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Winford E. Brown, who pled guilty to one count of armed robbery in violation of 18 U.S.C. § 2113(a) and (b) and one count of using and carrying a firearm during a federal crime of violence in violation of 18 U.S.C. § 924(c)(1), appeals the district

court's use of prior state court misdemeanor convictions in computing his sentence of eight years and ten months under the Sentencing Guidelines, arguing that the prior convictions were constitutionally tainted. We affirm.

On March 1, 1989, Brown pled guilty to a two-count indictment charging him with the attempted robbery of the First National Bank of Mulberry Grove, Illinois, in violation of 18 U.S.C. §§ 2113(a) and (d), and carrying and using a .22 caliber revolver during this crime, in violation of 18 U.S.C. § 924(c)(1). Subsequently, the United States Probation Office prepared a pre-sentence report for the district court that included four prior Illinois state misdemeanor convictions. Three of these convictions occurred in Madison County, Illinois and one in Bond County, Illinois. Two of these included the crimes of battery and resisting arrest in one conviction and retail theft in the other. The third Madison County criminal conviction was for retail theft. The fourth conviction occurred in Bond County, Illinois, and was for theft.

Brown's defense counsel after introducing certified court records for the Madison County convictions and an excerpt from a Bond County transcript, objected to the district court's consideration of the prior misdemeanor convictions, arguing that they were constitutionally invalid. Brown's counsel argued that "[t]he records [did] not adequately indicate a waiver of" Brown's constitutional rights before entry of a plea. The certified records from Madison County stated: "Defendant appears in open court and is advised of the nature of the charge, possible penalties and rights, including right to appointed counsel if indigent." The forms also recited that: "The Court finds defendant's plea to be voluntarily, knowingly, and understandably made and further finds that there is a factual basis to support said plea." Each of the Madison County forms also stated that Brown waived counsel.

As for the conviction for theft in Bond County, the transcript contained the following advice from the trial court to Brown:

"You have a right of course today to plead not guilty, to have a trial, that means a trial by jury unless you waive it or give it up, at that trial of course to be present, confront and cross-examine the state's witnesses, that means [asking] them questions under oath in open court, to be represented by an attorney of your choice. If you cannot afford an attorney, you have a right to request that an attorney be appointed. And, if that's the case one will be appointed. And at trial you have a right to testify or remain silent, call and subpoena your own witnesses, and the people have a burden of proof beyond a reasonable doubt to prove that you did this."

The Bond County transcript further reflects that the trial judge thoroughly questioned the defendant concerning his understanding of the charge for which he now stood charged before the court, his age, whether he was a high school graduate, and his comprehension of the English language. The state court record also recited that Brown had received and read an amended information charging him with the less serious misdemeanor charge of theft of property. The court informed Brown of the possible sentence and penalties associated with the charge. The Bond County transcript also stated that the defendant was questioned by the court as to whether he understood his rights and had any questions concerning them. Brown answered he had no questions of the court concerning the advice given, he understood charges before the court and he understood his rights, and wanted to plead guilty. The state court transcript reflects that the court went further and inquired of Brown whether anyone had told him he had to plead guilty and if he agreed to give up his rights to a jury trial, confrontation, direct examination, and to an attorney. Brown denied being told to plead guilty and again agreed to waive his rights.

The district court ruled that Brown validly waived his right to counsel. The federal trial court further found that, based on the court records and the transcript introduced, the introduction of his prior criminal convictions was constitution-

ally valid. On appeal, Brown argues that the district court erred in finding that the prior Illinois state convictions in Madison and Bond Counties were constitutionally valid and could be used in determining Brown's criminal history score under the Sentencing Guidelines.[1]

## II.

■ Initially, we note that "[w]e review a district court's factual findings in determining an appropriate criminal sentence for clear error." *United States v. Jordan*, 890 F.2d 968, 972 (7th Cir.1989). In this case, the Sentencing Guideline application questions involved "essentially questions of fact for the district court to resolve from a variety of sources." *Id.* "The result is that we will affirm the district court if it correctly applied the guidelines to findings of facts that do not leave us 'with the definite and firm conviction that a mistake has been committed.' [*United States v.*] *Herrera*, 878 F.2d [997,] 1000 [ (7th Cir. 1989) ] (citations omitted)." *Jordan*, 890 F.2d at 972.

Brown contends that the district court erred in concluding that the prior Illinois convictions mentioned in the pre-sentence report were constitutionally valid. Specifically, Brown alleges that the record of the prior convictions fails to adequately demonstrate that he understandingly and voluntarily pled guilty to each of the offenses nor did he intelligently and understandingly waive his right to counsel. Brown's counsel has repeated her argument made in the district court that "[t]he records do not adequately indicate a waiver of" Brown's rights. Brown contends that because the records in the cases are inadequate, the guilty pleas are invalid and should not have

been used in the district court's computation of Brown's criminal history score.

In making his arguments, Brown relies on *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), for the proposition that waiver of the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers cannot be presumed from what he refers to as a silent record. The defendant argues that the proposition is similar to *Burgett v. Texas*, 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–62, 19 L.Ed.2d 319 (1967), that "[p]resuming waiver of counsel from a silent record is impermissible."

The Sentencing Guidelines provide that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." Sentencing Guidelines section 4A1.2, Application Note 6. "[I]t is clear from the plain language [of this note] that the defendant has the burden of showing that a prior conviction is constitutionally invalid." *United States v. Davenport*, 884 F.2d 121, 124 (4th Cir.1989). Furthermore, as the court stated in *United States v. Dickens*, 879 F.2d 410, 411–12 (8th Cir. 1989),

"[w]hen a prior conviction is a number of years old and there is no transcript of the taking of the plea, 'evidence of the trial court's practice is precisely the evidence which the government will have at its disposal.' *United States v. Goodheim*, 686 F.2d 776, 777 (9th Cir.1982). We previously have recognized the validity of relying on evidence of the custom and practice of trial attorneys and judges to refute allegations of procedural infirmities. *See Brim v. Solem*, 693 F.2d

---

1. In Brown's Statement of the Issues Presented for Review he states that he is entitled to a hearing in order that he might have the opportunity to prove the invalidity of his prior convictions. However, Brown failed to present any applicable case law on this issue in his briefs filed with this court. We have previously stated "that an appellant is required by Rule 28(a)(4) of the Federal Rules of Appellate Procedure to present in his brief to the appellate court the issues that he desires to litigate and to support his argument on those issues with appropriate

judicial authority." *Zelazny v. Lyng*, 853 F.2d 540, 542 n. 1 (7th Cir.1988). "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Beard v. Whitley County REMC*, 840 F.2d 405, 408–09 (7th Cir.1988) (quoting *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir.1986), *cert. denied*, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987)). Because Brown has failed to support his statements on this issue with judicial authority, we deem his argument to be without merit.

44, 45 (8th Cir.1982), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1530, 75 L.Ed.2d 951 (1983) (testimony of defendant's attorney as to his and the trial court's practice was sufficient to prove defendant had been advised of his right to appeal). The Ninth Circuit has specifically held that evidence of custom and practice is sufficient to demonstrate compliance with *Boykin. See Goodheim,* 686 F.2d at 777 (testimony of attorneys of trial court's consistent practice in taking pleas was sufficient to prove validity of a plea); *see also Bouchillon v. Estelle,* 628 F.2d 926, 928 n. 5 (5th Cir.1980) ('evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards in a hearing on a petition for habeas corpus.')."

As for the Madison County convictions, Brown's counsel introduced the certified court records reflecting that Brown's guilty pleas were constitutionally valid. These court records stated, "[d]efendant appears in open court and is advised of the nature of charge, possible penalties and rights, including right to appointed counsel if indigent." Further, the documents also reflect that, "[t]he court finds defendant's plea to be voluntarily, knowingly, and understandingly made and further finds that there is a factual basis to support said plea." Each of the court forms also recite that, among the rights that Brown was informed of, he was advised of his right to counsel. From our review of the records on file with this court, we are of the opinion that Brown understandingly and intelligently waived counsel in the state court cases. Not only were the forms evidence of the validity of the Madison County convictions, but the three court case records referred to were also evidence of the custom and practice of the courts of Madison

County complying with constitutional requirements. In regard to the Bond County, Illinois, conviction, the transcript of the guilty plea proceedings clearly demonstrates that Brown was properly advised of his rights and knowingly and intelligently waived them. Moreover, this transcript discloses that the trial judge advised Brown that he had a right to an attorney and a right to appointed counsel if he could not afford one.[2] The state trial judge went beyond and asked Brown questions as to whether or not he understood his rights in determining the voluntariness of his plea. Brown has proffered no evidence, transcript, nor witness, nor documents, nor affidavit in support of the alleged unconstitutionality of his prior convictions. Brown has done nothing but make mere bald allegations in consideration of the certified court records and transcript without any factual much less legal support. There is nothing in this record to lead us to conclude that the Madison County and Bond County proceedings were anything but constitutionally antiseptic. The court properly took cognizance of the certified documents concerning Brown's state court convictions and properly gave full faith and credit to the records of the other courts of competent jurisdiction. Given the evidence in this case, we hold that the district court properly applied the Guidelines to findings of fact that do not leave us with the definite and firm conviction that a mistake has been committed in its findings that the prior state misdemeanor convictions were constitutionally valid and could be considered in determining Brown's criminal history under the Sentencing Guidelines.

### III.

We hold Brown's arguments for reversal to be without merit. Because the district

---

**2.** Brown argues that the state trial judge's admonitions may have misled him into believing that he was only entitled to an attorney at trial. However, from the transcript it is clear that the court was reciting several distinct rights, including the right not to plead guilty, the right to a jury trial, and the right to an attorney to ascertain whether or not he understood them and whether or not he was entering his guilty plea

understandingly. Furthermore, given the state court's admonitions to Brown concerning his rights and questions to Brown concerning his understanding of his rights, we refuse to hold that the district court's finding that the admonitions were adequate leaves us with the definite and firm conviction that a mistake was committed.

court properly applied the Guidelines and because its factual findings, concerning the evidence presented, and the case law applicable thereto, do not leave us with the firm and definite conviction that the court erred in finding that the prior state convictions were constitutionally valid, we affirm.