UNITED STATES of America, Plaintiff,

v.

**Willie Earl CLARK, Defendant.**

**No. 88 CR 507.**

United States District Court,
N.D. Illinois, E.D.

April 23, 1990.

Assistant U.S. Attys. Andrea Zopp and Zaldwaynaka Scott, Chicago, Ill., for plaintiff.

Willie Earl Clark, Chicago, Ill., pro se.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

On November 28, 1989, defendant Willie Clark was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) of the Armed Career Criminal ("ACC") Act. When a defendant who has been convicted for this offense has three previous convictions for violent felonies or serious drug offenses, 18 U.S.C. § 924(e) imposes a mandatory minimum prison term of fifteen years. Pending is a dispute concerning the extent to which a court may consider the validity of previous convictions in determining whether the sentencing enhancement provision of § 924(e) applies.

### II. FACTS

Defendant was originally scheduled to be sentenced on February 20, 1990. On January 25, 1990, Probation Officer Barbara Bowman submitted her pre-sentence investigation, which stated that Clark had refused to see her. At the sentencing hearing on February 20, Clark disputed certain information in the pre-sentence investigation and expressed a desire to meet with Ms. Bowman to correct certain misinformation. To accommodate this desire, the Court reset the sentencing hearing for March 13, 1990.

During the March 13 sentencing hearing, Clark refused to speak to the Court or respond to the Court's questions, a behavior which he had exhibited on other occasions. However, as the government prepared to introduce evidence concerning five previous convictions, Clark conferred with his court-appointed stand-by counsel, Keith Spielfogel, who then informed the Court that Clark had served subpoenas on five individuals to appear at the sentencing hearing. Spielfogel stated that the purpose of calling these individuals, all of whom were judges or defendant's attorneys in the prior cases, was to attack the validity of the prior convictions. The government expressed its opposition to the calling of these individuals as witnesses. Because the Court had not previously been aware that such an issue would arise, it took the matter under advisement but allowed the government to present its evidence. The government then called as a witness a representative of the Illinois Department of Corrections and a fingerprint examiner, and offered in evidence certified copies of five previous convictions.

The five previous convictions are as follows:

| Date of Conviction | Offense | Case Number | Disposition |
| --- | --- | --- | --- |
| 12/13/73 | Armed Robbery | 72–204 | Bench Trial |
| 3/18/75 | Burglary | 72–422 | Guilty Plea |
| 3/18/75 | Armed Robbery | 73–3365 | Guilty Plea |
| 6/14/75 | Armed Robbery and Aggravated Kidnapping | 73–3666 | Guilty Plea |
| 2/09/81 | Voluntary Manslaughter | 80–3795 | Bench Trial |

## III. COLLATERAL ATTACK OF PRIOR CONVICTIONS

■ The first issue which must be addressed is whether Clark has a right to challenge his prior convictions during a sentencing proceeding at which consideration of those convictions may enhance his sentence. Although there is no Supreme Court authority on point, a review of Supreme Court precedents in similar contexts and of lower court opinions leads to the conclusion that such a challenge is permissible.

In *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), a Texas trial court had convicted the defendant under the state recidivist statute, which provided for life imprisonment upon conviction of a defendant of a felony if the defendant had been convicted of two previous felonies. The court admitted in evidence a certified copy of a prior conviction in Tennessee for forgery. The defendant objected that the certified copy showed, on its face, that he had not been represented by counsel. The Supreme Court, on certiorari to the Texas Court of Criminal Appeals, held that the certified copy raised a presumption that the Tennessee conviction was void because there was no indication in the record that the defendant had waived his right to counsel. 389 U.S. at 114–15, 88 S.Ct. at 261–62. The Court then held that it violated the defendant's Sixth Amendment right to counsel to consider the invalid prior conviction to support his guilt or enhance his punishment. *Id.* at 115, 88 S.Ct. at 262.

In *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the defendant had been convicted in a federal court of armed bank robbery. The sentencing judge explicitly relied on three previous state felony convictions in sentencing the defendant to 25 years in prison. Subsequently, a state court determined that two of the prior convictions were invalid because the defendant had not been represented by counsel and had not waived his right to counsel. The defendant then initiated a proceeding pursuant to 28 U.S.C. § 2255. The Supreme Court held that the defendant's sentence could not stand because it was "founded at least in part upon misinformation of constitutional magnitude." 404 U.S. at 447, 92 S.Ct. at 592.

*Burgett* and *Tucker* have routinely been followed by lower courts which have been asked to invalidate sentences premised upon unconstitutional convictions. In *United States v. Martinez*, 413 F.2d 61 (7th Cir.1969), a defendant who pled guilty in federal court to a charge of facilitating the transportation of heroin was sentenced to a minimum mandatory prison sentence of ten years after the government introduced a certified copy of the defendant's previous conviction in a federal court for violation of narcotics laws. The district court imposed the sentence after denying the defendant's request for a hearing on the validity of his plea of guilty in the earlier case. The Seventh Circuit remanded the case for such a hearing, holding that the logic of *Burgett* extended beyond convictions obtained without right to counsel and beyond convictions which have defects apparent from the face of the record. 413 F.2d at 63–64.

In *United States v. Johnson*, 612 F.2d 305 (7th Cir.1980), the defendant appealed his conviction and sentence under 18 U.S.C. § 922(a)(6) for falsely representing, in connection with the purchase of a firearm, that he had never been convicted of a felony. The Seventh Circuit found that the defendant's prior conviction was invalid because the guilty plea was infirm, and it remanded the case for a new sentence although it upheld the conviction.

In *United States v. Williams*, 782 F.2d 1462 (9th Cir.1985), the defendant on direct appeal argued that the district court had impermissibly relied on unconstitutional convictions in sentencing him pursuant to a plea of guilty to an indictment for burglary. The court of appeals set forth a two-part test for addressing this type of chal-

lenge to a sentence: "the appellant must show that the prior conviction was unconstitutional and that the sentencing judge mistakenly believed that it was valid and used it to enhance the sentence." 782 F.2d at 1466 (citations omitted). The court found that the defendant did not meet this test and affirmed the sentence. *See also Zabel v. U.S. Attorney*, 829 F.2d 15, 17 (8th Cir.1987) (in § 2255 proceeding, court states that a "federal prisoner is entitled to resentencing if the district court relies on prior unconstitutional state convictions to enhance a federal sentence," but denies petition because sentencing court had disavowed any reliance on the state convictions); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir.1985).

In the specific context of the Armed Career Criminal Act, courts have uniformly allowed defendants to challenge the validity of their prior convictions for purposes of sentencing. *See United States v. White*, 890 F.2d 1033, 1035 (8th Cir.1989) (rejecting argument that prior guilty pleas were invalid); *United States v. Taylor*, 882 F.2d 1018 (6th Cir.1989) (rejecting arguments that prior convictions were invalid); *Greene v. United States*, 880 F.2d 1299 (11th Cir.1989) (in § 2255 proceeding, court concludes that district court erred in enhancing sentence in reliance on invalid prior convictions but that defendant was not entitled to relief because of his failure to raise this issue on direct appeal); *United States v. Clawson*, 831 F.2d 909, 914–15 (9th Cir.1987) (defendant was entitled to attack underlying conviction used in sentence enhancement, but court rejected defendant's arguments that underlying conviction was invalid due to ineffective assistance of counsel); *United States v. Henry*, 713 F.Supp. 1182 (N.D.Ill.1989) (Shadur, J.) (unconstitutional prior convictions would not be used to enhance sentence); *United States v. Gantt*, 659 F.Supp. 73 (W.D.Pa. 1987) (where certified copy of prior conviction showed that defendant lacked counsel, sentence would not be enhanced unless government could prove waiver); *United States v. Gio*, No. 88 CR 657, 1989 WL 157993 (N.D.Ill. Dec. 1, 1989) (Marovich, J.) (prior conviction was constitutionally defective due to conflict of interest on part of counsel and therefore could not be used to enhance sentence).[1]

The Court also notes that collateral challenges to prior convictions used to enhance sentences have been allowed in a variety of other contexts as well. *See, e.g., Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct.1981, 100 L.Ed.2d 575 (1988) (defendant was entitled to post-conviction relief where his death sentence had been based in part on a prior conviction which was later vacated); *United States v. Brown*, 899 F.2d 677 (7th Cir.1990) (affirming trial court's determination that prior convictions used to calculate criminal history score under Sentencing Guidelines were constitutionally valid);[2] *Lowery v. Young*, 887 F.2d 1309 (7th Cir. 1989) (prisoner stated claim cognizable under 28 U.S.C. § 2254 where he alleged that he was serving a state sentence that had been enhanced in reliance on an invalid

---

1. *Clawson, Taylor, Greene* and *Gantt* expressly distinguished *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), which held that the possible invalidity of the underlying conviction did not affect the validity of the conviction under the Armed Career Criminal Act, on the ground that its reasoning did not extend to use of an invalid conviction for sentence enhancement. Particularly helpful is the reasoning in *Gantt*, which discusses the nature of the statutes and the reasoning of the cases and concludes that sentencing enhancement under the ACC Act is governed by *Burgett* rather than *Lewis*. 659 F.Supp. at 76–79.

2. Application note 6 to § 4A1.2 of the Sentencing Guidelines provides, in part, "Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." *See also United States v. Miller*, 874 F.2d 466, 469 (7th Cir.1989) ("There may be times ... when a sentencing court will have to examine convictions to some degree if the defendant claims that the prior convictions are constitutionally invalid. Guidelines § 4A1.2 application note 6."); *United States v. Dickens*, 879 F.2d 410 (8th Cir.1989) (defendant failed to prove at hearing that prior conviction considered under Sentencing Guidelines was invalid); *United States v. Landry*, 709 F.Supp. 908, 913–14 (D.Minn.1989) (defendant in Guidelines case is entitled to challenge validity of prior conviction).

prior state conviction);[3] *United States v. Scarborough*, 777 F.2d 175 (4th Cir.1985) (defendant faced with enhanced sentence under dangerous special offender statute, 18 U.S.C. § 3575 (now repealed), was entitled to challenge validity of prior conviction).

In light of these cases concerning the Armed Career Criminal Act and other contexts allowing defendants to attack the validity of prior convictions considered in sentencing, the Court finds that defendant is entitled to challenge the convictions relied upon by the government in this case to support the sentence enhancement under § 924(e). The Court notes, however, that Clark has not specified the grounds on which he wishes to attack his prior convictions. All of the cases which the Court has found addressing this type of collateral attack on a prior conviction have concerned challenges based on constitutional, rather than statutory grounds. Because Clark has not stated any intent to raise a statutory challenge to his prior convictions, the Court does not decide whether such a challenge would be permissible. *See Henry, supra,* 713 F.Supp. at 1184 n. 3 (leaving open the same question).

## IV. EXHAUSTION OF REMEDIES

The government has not disputed a defendant's general ability to challenge the constitutionality of prior convictions considered during sentencing, but the government argues that a defendant may raise such a challenge only if he has exhausted his other remedies. Specifically, the government argues that because Clark did not challenge his prior convictions by direct appeal or by a state post-conviction proceeding, that he should not be able to present his claims for the first time in this sentencing proceeding.

■ The Court finds that a defendant need not exhaust other remedies before raising a constitutional challenge to prior convictions which the government offers for consideration in the context of sentence enhancement. In *Crovedi v. United States,* 517 F.2d 541, 546 (7th Cir.1975), the Court stated that exhaustion of remedies would not be required for prisoners to bring § 2255 challenges to sentences which were enhanced by allegedly invalid prior convictions. *See also Scarborough, supra,* 777 F.2d at 181 (explicitly noting defendant's failure to achieve review on appeal of his prior conviction and failure to pursue post-conviction remedies, but holding he should still be allowed to challenge conviction in connection with sentencing as dangerous special offender); *United States v. Landry,* 709 F.Supp. 908, 913 (D.Minn. 1989) (exhaustion not required for challenge to prior convictions for purpose of computing criminal history pursuant to Sentencing Guidelines). Furthermore, although the other cases cited above which allowed challenges to prior convictions did not expressly address the issue, none of them required exhaustion of other remedies.

The government argues that earlier cases like *Crovedi* should not be given substantial weight in light of the Supreme Court's increasing emphasis on principles of comity, particularly in the habeas corpus context, in cases such as *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), which held that federal habeas review was precluded by the prisoner's failure to object at trial.

The Court finds that the comity interests advanced by the government do not suffice to impose an exhaustion requirement in this context. The Supreme Court cases on which the government relies arise in very

---

**3.** *See also Gamble v. Parsons,* 898 F.2d 117 (10th Cir.1990); *Clark v. Commonwealth of Pennsylvania,* 892 F.2d 1142 (3d Cir.1989); *Taylor v. Armontrout,* 877 F.2d 726 (8th Cir.1989). In *Maleng v. Cook,* —— U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court held that habeas corpus relief was not available to challenge the validity of a prison sentence which had already expired, although it was available to challenge a state sentence which

had been imposed but which was not yet served because the prisoner was serving a federal sentence on a separate conviction. The Court expressly left open the question of the extent to which an expired sentence may be subject to challenge in an attack on a later sentence which was enhanced by the earlier one. 109 S.Ct. at 1927. The above cases, all of which considered *Maleng,* concluded that such a challenge was permissible.

different situations, and the Court is unwilling to extend them to such a point that they would overrule previous Seventh Circuit case law absent a very compelling reason. There is a principled basis for not requiring exhaustion of remedies in the sentence enhancement context while requiring such exhaustion in other contexts. Where sentence enhancement is concerned, the prior conviction is being affirmatively used against the defendant. It is not an instance of a defendant coming to federal court and seeking relief, but an instance of a defendant attempting to shield himself against further governmental action. Indeed, the defendant is not so much challenging the validity of the prior conviction itself as he is challenging the government's ability to impose a sentence which is based upon an invalid premise. For these reasons, the Court also rejects the government's argument that allowing a defendant to raise his challenges at this stage effectively circumvents the procedures required by *Maleng* (*supra* at n. 3). The defendant does not seek a shortcut to invalidate the prior convictions, and has no apparent interest in invalidating those convictions other than as a defense to the sentence enhancement.

The government argues that the defendant may pursue his state court remedies for the prior conviction after receiving the enhanced sentence on the current conviction. If a court then sustains the defendant's argument with respect to a prior conviction, the defendant may then challenge the current sentence pursuant to 28 U.S.C. § 2255. *See, e.g., Tucker, supra,* 404 U.S. 443, 92 S.Ct. 589. The availability of this road, however, does not require that it be travelled, and the Court has found no case which sets forth such a requirement. The Court finds that the existence of such a procedure does not outweigh the defendant's interests in avoiding, at this stage, the imposition of an enhanced sentence which is based upon invalid prior convictions.

## V. METHOD FOR CHALLENGING PRIOR CONVICTIONS

The Court's conclusions that prior convictions may be challenged in connection with sentencing proceedings and that exhaustion of remedies is not required do not in themselves establish the proper procedures which must be followed in entertaining such challenges. The Court now turns to those procedures.

### A. Burden of Proof

■ The government has the burden to prove the existence of a prior valid conviction by the preponderance of the evidence. *See White, supra,* 890 F.2d 1033, 1035–36 (8th Cir.1989) (government must show validity of prior guilty plea for enhancement of sentence pursuant to § 924(e) by preponderance of evidence rather than beyond reasonable doubt). This burden may initially be satisfied by the introduction in evidence of a certified copy of the prior conviction which has no constitutional defects apparent on its face. *See Taylor, supra,* 882 F.2d at 1031; *Henry, supra,* 713 F.Supp. at 1184 n. 4. The burden then shifts to the defendant to show that the conviction is invalid. *See Taylor,* 882 F.2d at 1031; *United States v. Dickens,* 879 F.2d 410, 411–12 (8th Cir.1989). If the certified copy of the conviction shows a defect on its face, such as a lack of counsel, the burden remains with the government to establish the conviction's validity. Similarly, if the defendant is able to make out a prima facie case that the prior conviction was obtained through the denial of a constitutional right, the burden reverts to the government to show a valid waiver. *See Henry,* 713 F.Supp. at 1184 n. 4.

Although the government argues that the defendant should have the burden of proof, the Court does not view the government's position as differing in substance from the approach outlined above. The government notes that the analogous recidivist offender provision of 21 U.S.C. § 851 provides that a person who claims that "a conviction alleged in the information was obtained in violation of the Constitution of the United States shall ... have the burden of proof by a preponderance of the evidence on any issue of fact raised by the

response [to the information]." The Court also notes that under the analogous provision in the Sentencing Guidelines (*see supra* at n. 2), the defendant has been held to have the burden of proof of showing the invalidity of a prior conviction. *See Brown, supra*, 899 F.2d at 679; *United States v. Davenport*, 884 F.2d 121, 124 (4th Cir.1989). The Court does not view these principles as inconsistent with the proposition that the government has an initial burden which may be satisfied by the submission of a facially valid certified copy of the prior conviction; the cases which place the burden of proof on the defendant may be read as simply assuming that this initial burden has been satisfied.[4]

## B. Nature of Hearing

The final issue is whether a court faced with a defendant's challenge to prior convictions must hold an evidentiary hearing or may simply consider the record of the prior conviction. Most of the cases which have reviewed the validity of convictions underlying enhanced sentences (*see supra* at Part III) have done so solely on the basis of the record. In a few cases, courts have relied on evidentiary hearings without expressly stating that such hearings were necessary. In *Taylor, supra*, the government submitted to the district court records of the prior convictions which showed that the defendant had made waivers of his constitutional rights when he entered his guilty pleas. The defendant then testified that he had not understood the waivers. The government then presented testimony by a state prosecutor that the state court judge had advised the defendant of his rights and that the ordinary practice in the state courts was to conduct hearings which complied with Fed.R.Crim.P. 11. 882 F.2d at 1031. The court of appeals found that the government's documentary proof had sufficed to shift the burden of proof to the defendant, whose evidence was insufficient

to show that the convictions were unsound. *Id.*

In *Dickens, supra*, the only record of the underlying state conviction, which was entered pursuant to a guilty plea, was a docket sheet which stated that the case was "heard" and that the defendant was represented by a public defender. The district court held an evidentiary hearing at which the public defender testified, who had no specific recollection of the case, testified as to the customs and practices of the state courts with respect to guilty pleas. The district court found that the evidence was sufficient to satisfy the government's initial burden of proof and that the defendant failed to carry his burden of establishing the invalidity of the conviction. 879 F.2d at 411. The court of appeals affirmed, rejecting the defendant's argument that a silent documentary record, combined with evidence of custom and habit, was insufficient to establish the validity of the plea. *Id.*

■ In the habeas corpus context, "[a]n evidentiary hearing is required only if a review of the record is not sufficient to resolve factual disputes" concerning the issues which have been raised. *Gray v. Greer*, 800 F.2d 644, 647 (7th Cir.1985). The case law described above is consistent with this principle. The Court finds that a defendant who challenges prior convictions which the government proffers for sentence enhancement is entitled to an evidentiary hearing only if the defendant can establish a clear need for such a hearing, by showing that the documentary record and transcripts are insufficient to resolve the particular disputes raised by the defendant. *See Henry*, 713 F.Supp. at 1184 n. 4 (where evidence submitted by a defendant "poses a prima facie indication of constitutional error and the record is unclear, he may be entitled to an evidentiary hearing" with respect to validity of prior conviction

---

**4.** The government also argues that placement of the burden of proof on the defendant would be consistent with the defendant's burden of proof in habeas corpus cases. *See United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1015 (7th Cir.1987). The Court does not find the habeas

corpus case law controlling. In the habeas corpus context, there is generally no dispute that there has been a prior conviction—otherwise the defendant would not be in custody in the first place. *See also* the Court's discussion *supra* at pages 865–866.

**868**

to be used in § 924(e) proceeding).[5]  *Cf. Brown, supra,* 899 F.2d at 679 n. 1 (not reaching issue of entitlement to hearing).

### VI.  CONCLUSION

 In this case, Clark has not identified the nature of his attack on the prior convictions, much less identify the relevance of the testimony of the witnesses whom he has subpoenaed.  Accordingly, the Court cannot conclude that an evidentiary hearing is necessary, and the subpoenas shall be quashed.  Clark will be given until May 9, 1990 to present a memorandum in support of his argument that the prior convictions are invalid.

No extensions of this date will be allowed.  Defendant has known since his indictment on June 14, 1988, that the government would seek to enhance his sentence pursuant to § 924(e), and he did not raise the issue of the validity of his prior convictions until the sentencing hearing on March 13, 1990.  His conduct has already resulted in extensive delays in sentencing, and the Court will not allow further delays.  The Court will set dates for the government's response and for sentencing on the due date for Clark's memorandum.

---

5.  The Court notes that in those instances where an evidentiary hearing is required, there does not arise a right to have the issues considered by a jury.  *See Taylor,* 882 F.2d at 1032; *United States v. Clawson,* 644 F.Supp. 187, 190 (D.Ore. 1986), *aff'd,* 831 F.2d 909 (9th Cir.1987).