948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick L. FERGUSON, Defendant-Appellant.
 No. 91-1025.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 89 CR 204, Robert W. Warren, Chief Judge.
 
 
 1
 E.D.Wis.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 On August 31, 1990, a jury convicted Frederick Ferguson for violation of 18 U.S.C. § 922(g)(1) which prohibits a convicted felon from possessing a firearm. On December 17, 1990, the district court sentenced Ferguson to 21 months imprisonment to be followed by three years of supervised release, in addition to the mandatory $50 special assessment. Ferguson claims the district court erred in calculating his criminal history category under the Sentencing Guidelines (Guidelines) by including two prior convictions which he argued at sentencing were based on constitutionally invalid guilty pleas.[1]
 
 
 4
 The district court's findings of fact and its application of the Guidelines to the facts is entitled to substantial deference. United States v. Wildes, 910 F.2d 1484, 1486 (7th Cir.1990); United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990). Moreover, for purposes of the Guidelines, the defendant has the burden of showing that a prior conviction is constitutionally invalid. United States v. Henry, 933 F.2d 533, 559 (7th Cir.1991); Wildes, 910 F.2d at 1468. Therefore, Ferguson needs to prove that he did not voluntarily and intelligently waive his privilege against self incrimination, his right to a jury trial and his right to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 243 (1969).
 
 
 5
 Guidelines § 4A1.1 provides for the calculation of a defendants criminal history category based upon the individual's prior sentences. Section 4A1.2(a)(1) defines prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contenders, for conduct not part of the instant offense." Application Note 6 to § 4A1.2, as amended November 1, 1990, provides:
 
 
 6
 Reverse, Vacated, or Invalidated Convictions: Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Also, sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted. ... (emphasis added)
 
 
 7
 The Background to § 4A1.2 states: "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction."[2] At sentencing, the district court allowed Ferguson to collaterally raise the constitutionality of his earlier guilty pleas, but found no constitutional infirmity.
 
 
 8
 Ferguson first challenges an October 18, 1985, burglary conviction because the Illinois state court failed to ask whether any force or threats had been used to obtain the plea. Ferguson contends that this omission alone invalidates the plea, even though he concedes that the court asked whether his plea was voluntary and whether any promises had been made apart from the agreement to induce his plea. Ferguson signed a jury waiver form, he admitted that he was voluntarily entering the plea after being told that he did not need to do so, and he waived his right to confront his accusers. The Constitution does not prescribe a precise formula for the knowing and intelligent waiver of rights in the guilty plea setting. Wildes, 910 F.2d at 1486. We agree with the district court that this omission does not vitiate the validity of the plea.
 
 
 9
 On October 17, 1986, Ferguson pleaded guilty to another charge of burglary. He alleges constitutional error because the court failed in inform him of his right against self-incrimination and that to be convicted by a jury the verdict must be unanimous. Ferguson also claims error from the court's failure to inquire whether the plea was the result of any threats or coercion.
 
 
 10
 This case is very similar to our recent decision in United States v. Henry, 933 F.2d 553 (7th Cir.1991), in which the appellant challenged several convictions which were used as the basis for an enhancement under the Guidelines. In Henry, the court failed to inform the defendant of his right against self incrimination, which the defendant argued violated Boykin's mandate. We held that a court need not comply with Boykin literally. A plea will be constitutionally sufficient "merely by explaining to defendants that they have the right to plead guilty and that, if they plead guilty, they waive the right to trial." Henry, 933 F.2d at 559. We also noted that Henry had "ample exposure" to the criminal justice system. The court found that under the totality of the circumstances, the plea was both intelligent and voluntary.
 
 
 11
 At the 1986 plea hearing, the Illinois court thoroughly explained the charges to Ferguson as well as the potential penalties. In addition the defendant stated that he understood he was giving up his right to confront his accusers and his right to a jury trial. Ferguson signed a jury waiver form. After hearing the factual basis for the charge, the defendant stated that the facts were true and entered a plea of guilty. Like Henry, we find that under the totality of the circumstances, the conviction was voluntary and intelligent. Therefore, the district court properly held that there was no constitutional infirmity.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The government originally filed an information to invoke Title 18 U.S.C. § 922(g)(1), an enhancement provision for repeat offenders. Ferguson raised the constitutionality of these convictions in response to this enhancement request. The government subsequently withdrew its request for enhancement. The question of the constitutionality of these convictions for purposes of Ferguson's criminal history was raised for the first time at sentencing based on the briefs submitted on the enhancement question
 
 
 [2]
 Neither the parties nor the court identified the sections of the Sentencing Guidelines which were discussed at the sentencing hearing. The government correctly notes that the pertinent Application Note was amended November 1, 1990, shortly before Ferguson was sentenced. The defendant and the government assume, however, that to be applicable, the Guidelines must be in effect at the time of the offense is committed. Title 18 U.S.C. §§ 3553(a)(4) and (5) mandate that sentence be established by the Guidelines and policy statements that "are in effect on the date the defendant is sentenced."
 The earlier version of Application Note 6 did not require a previous adjudication of unconstitutionality. However, as the background material explains, the trial judge retains the discretion to allow a defendant to collaterally attack previous convictions at sentencing. Therefore, the parties' misunderstanding does not affect the outcome of this appeal.