956 F.2d 273
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie T. WILLIAMS, Plaintiff-Appellant,
v.
Jerry D. GILMORE, Willie Rockett, Robin Jones, et al.,
Defendants-Appellees.
 No. 91-2454.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1992.*
Decided Feb. 28, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Willie Williams filed this civil rights suit pursuant to 42 U.S.C. § 1983 alleging that he was denied due process at a prison disciplinary proceeding, and that he was transferred to another correctional facility in retaliation for constitutionally protected activities. The district court granted the defendants' Rule 12(b)(6) motion to dismiss with respect to defendants Jerry Gilmore and Robin Jones. After allowing the parties to submit additional information as to the claims against Willie Rockett and J. McRaven, the district court dismissed these claims pursuant to the defendants' motion for summary judgment. Mr. Williams now appeals the dismissal of his claims against Defendants Gilmore, Rockett, and McRaven.[1] We affirm.
 
 I. Facts
 
 3
 While an inmate at the Hill Correctional Center, Mr. Williams was charged with prison rule violations after an obscene letter was sent to Robin Jones, the prison law librarian. Mr. Williams' fingerprint was found on the envelope containing the letter, and the handwriting was identified as his by Jones, who had become familiar with the plaintiff's handwriting since they both worked in the law library together. An independent handwriting analysis also confirmed that the letter was written by Mr. Williams.
 
 
 4
 The prison Adjustment Committee, which was composed of Willie Rockett and J. McRaven, held a hearing on the charges. Mr. Williams submitted written evidence to the Committee in support of his defense that the letter was forged by another inmate, Abdullah Khadijah, who was generally known in the prison as an expert forger. Khadijah had threatened Mr. Williams in the past, and Mr. Williams maintained that the obscene letter was a "set-up" by Khadijah.
 
 
 5
 Mr. Williams alleges that when he presented his documentary evidence to the Adjustment Committee, defendants Rockett and McRaven became exasperated with the length of his submission. They told him that there were already too many jailhouse lawyers generating voluminous paperwork. They told him that he should withdraw his written evidence and present an oral defense. If he did not comply and was found guilty, he would be transferred to another prison. The defendants deny making these statements.
 
 
 6
 Mr. Williams refused to withdraw his written defense. Finding no evidence to support the set-up theory, the Adjustment Committee relied upon the matching fingerprint, handwriting identification, and Khadijah's willingness to submit to a polygraph test, and found Mr. Williams guilty. As part of the disciplinary action taken against him, the Committee recommended to defendant Gilmore, the warden at the Hill Correctional Center, that Mr. Williams be transferred to another prison. Warden Gilmore approved this recommendation.
 
 II. Analysis
 A. Defendant Gilmore
 
 7
 We review de novo the dismissal of a claim under Fed.R.Civ.P. 12(b)(6), assuming all well-pleaded allegations are true and drawing all reasonable inferences in favor of the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990). We must decide whether Mr. Williams could have proven any set of facts, consistent with his complaint, that would entitle him to relief against defendant Gilmore. Zinser v. Rose, 868 F.2d 938, 939 (7th Cir.1989).
 
 
 8
 The facts alleged in the complaint are insufficient to show that defendant Gilmore conspired to deprive the plaintiff of his due process rights, or to wrongfully transfer the plaintiff to another prison. Defendant Gilmore is the warden of the Hill Correctional Center. He reviewed and approved the Adjustment Committee's recommendation to transfer Mr. Williams to another prison. Yet, this alone is insufficient to raise a claim under section 1983. Warden Gilmore was not a member of the Adjustment Committee, and the complaint does not show that he took any part in or had knowledge of the alleged threats of retaliation against Mr. Williams. As the district court correctly explained, a section 1983 claim cannot be maintained under a theory of supervisory liability: some sort of affirmative link is required. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691-94 (1978); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983). Since the complaint does not allege any affirmative link to the alleged due process violation or retaliatory transfer, the district court properly dismissed the claims against Warden Gilmore.
 
 B. Defendants Rockett and McRaven
 
 9
 We review the district court's grant of summary judgment in favor of the defendants de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the non-moving party, we conclude that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. New Burnham Prairie Homes, Inc. v. Burnham, 910 F.2d 1474, 1477 (7th Cir.1990).
 
 1. Due Process
 
 10
 Mr. Williams charges that the members of the Adjustment Committee did not give sufficient consideration to his set-up defense, and thus his conviction violated his right to due process. He alleges that he "has a constitutional right not to be found guilty when vindicating evidence logically undercuts" the evidence supporting a guilty verdict. (Complaint, R. 8 at 6.)
 
 
 11
 Mr. Williams misunderstands the standard of proof required in prison disciplinary proceedings. The Adjustment Committee's decision need only be supported by "some evidence" in the record. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 454 (1985). The matching fingerprint, handwriting analysis, and the alleged forger's consent to a polygraph test provide the "some evidence" necessary to support the Adjustment Committee's determination.
 
 
 12
 Mr. Williams' contention that the Committee gave inadequate consideration to his defense does not raise a disputed issue of material fact. He alleges that his written defense was never reviewed by the defendants because he persisted in his refusal to make an oral statement.[2] The Adjustment Committee report, however, indicates that Mr. Williams' documentary evidence was accepted, and the contents of this evidence is briefly summarized. The report also noted that all of his requested witnesses had been interviewed. The affidavits of the defendants state that Mr. Williams' written statement was reviewed by the Committee. Summary judgment was appropriate on Mr. Williams' due process claims against the Committee members.
 
 
 13
 2. Retaliatory transfer.
 
 
 14
 Mr. Williams alleges, and the defendants deny, that Officers Rockett and McRaven told him he would be transferred to another prison in retaliation for his refusal to withdraw his lengthy written statement. Whether this exchange in fact occurred is not material since, even if we accept the allegation as true, defendants Rockett and McRaven had no authority to transfer an inmate. As a matter of law, they can only recommend transfers. See Ill.Admin.Code tit. 20, § 504.80(1)(3) (1985). Final authority to transfer an inmate rests with the warden. See Ill.Rev.Stat. Ch. 38, par. 1003-8-4 (1991); Ill.Admin.Code tit. 20, § 504.80(p)(1)(A) (1985).
 
 
 15
 Although the Constitution places some limits on the warden's discretion in cases of transfers, it does not create a liberty or property right in remaining in a particular prison. See Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir.1991) (en banc), petition for cert. filed (Dec. 9, 1991). So long as he was not acting in retaliation for the exercise of constitutionally protected conduct, the warden could have transferred Mr. Williams for any reason or no reason at all. Meachum v. Fano, 427 U.S. 215, 228 (1976); Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir.1982). There is nothing in the complaint or record to support the conclusion that the warden's motive in transferring Mr. Williams was impermissible. There is no indication that the warden was even aware of any alleged threats against Mr. Williams. After a constitutionally sufficient disciplinary hearing, Mr. Williams was found guilty of sending obscene mail to the prison librarian. The record indicates that the warden based his decision to transfer Mr. Williams on these facts and not on some motive to suppress constitutional rights.
 
 
 16
 For the foregoing reasons, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Although he does not say so explicitly, Mr. Williams has apparently abandoned his claims against Ms. Jones on appeal. His appellate brief does not mention her, and although pro se submissions are to be read liberally, see Haines v. Kerner, 404 U.S. 519 (1972), we will not construct a litigant's arguments for him. United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990)
 
 
 [2]
 Mr. Williams asserts that he had a constitutional right to submit a written defense. Our recent decision of Wheeler v. Sims, No. 90-1714, slip op. (7th Cir. Jan. 8, 1992), considers and rejects this argument. Prison officials have the authority to determine whether a prisoner's statement shall be received orally or in writing. Id. at 7. "[The plaintiff] received the procedure to which he was entitled when the Adjustment Committee gave him the opportunity, which he rejected, to present oral evidence, and then reviewed the charges and available evidence." Id. at 8. We nonetheless find that the Adjustment Committee accepted and reviewed the plaintiff's written statement