UNITED STATES of America,
Plaintiff-Appellee,

v.

Oakley Bernard ENGESSER,
Defendant-Appellant.

No. 85–3119.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1986.

Decided April 30, 1986.

Robert L. Zimmerman, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Jay F. Lansing, Moses Law Firm, Billings, Mont., for defendant-appellant.

Before WALLACE and THOMPSON, Circuit Judges, and WILKINS *, Senior District Judge.

---

* Honorable Philip C. Wilkins, Senior United States District Judge, Eastern District of California, sitting by designation.

THOMPSON, Circuit Judge:

Oakley Bernard Engesser appeals the denial of his pretrial motions to dismiss his indictment for being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). Engesser contends that: (1) the federal prosecution violated his right under state law not to be put in jeopardy twice for the same incident or conduct; (2) his 1980 state felony conviction is invalid and thus cannot serve as the predicate felony for a § 1202(a)(1) firearm conviction; and (3) the 1980 state felony conviction cannot serve as the predicate felony for a conviction under § 1202(a)(1) because the state restored his right to bear arms after he had served his sentence for that felony.

## FACTS

In 1980, Engesser was charged with "criminal mischief," a felony under Montana law. See Mont.Code Ann. § 45–6–101(a) (1985). He waived his right to counsel and pleaded guilty to the offense. This conviction later served as the predicate felony for the felon-in-possession-of-firearms charge which is the subject of this appeal.

In August 1984, Engesser aimed a loaded shotgun at two Montana police officers who were at Engesser's home to investigate a report of domestic violence. Later that year, Engesser was charged in state court with two counts of aggravated assault due to the August 1984 incident. He pleaded guilty to both counts.

In 1985, Engesser was charged with the federal crime of being a felon in possession of a firearm, 18 U.S.C.App. § 1202(a)(1). The basis for this charge was the August 1984 shotgun incident. Engesser's status as a felon, a requisite for conviction of the federal offense, was established by his 1980 state criminal mischief conviction.

## ANALYSIS

### I. DOUBLE JEOPARDY

Engesser first argues that the district court erred in concluding that Montana law does not preclude the federal government from prosecuting an individual for conduct that has already served as the

basis for state prosecution. The district court's interpretation of state law is subject to de novo review. See In re McLinn, 739 F.2d 1395, 1397–98 (9th Cir.1984) (en banc).

Under Montana law:

When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state ..., a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state....

Mont.Code Ann. § 46–11–504. This statute eliminates, in Montana, the "dual-sovereignty" exception to the prohibition against being placed twice in jeopardy. It bars state prosecution following federal prosecution for the same conduct. See State v. Zimmerman, 175 Mont. 179, 187–88, 573 P.2d 174, 179 (1977) (state may not prosecute individual for same conduct that served as basis for federal prosecution).

Engesser argues Mont.Code Ann. § 46–11–504 also prohibits federal prosecution following state prosecution for the same incident or conduct. He urges us to set aside his 1985 federal firearms conviction because Montana had already convicted him of assault, and both the state and federal prosecutions arose from the same August 1984 shotgun incident.

The Montana statute, however, does not preclude federal prosecution. It forbids only prosecution by Montana after a similar prosecution by the United States or some other state. Therefore, the Montana statute cited by Engesser does not prohibit the federal government from prosecuting him for a violation of § 1202(a)(1). Even if Mont.Code Ann. § 46–11–504 purported to preclude subsequent federal prosecution under § 1202(a)(1), it would be void to the extent of any conflict between the state and federal law. See, e.g., Maryland v. Louisiana, 451 U.S. 725, 747, 101 S.Ct. 2114, 2129, 68 L.Ed.2d 576 (1981).

### II. COLLATERAL ATTACK ON THE PREDICATE FELONY CONVICTION

Engesser next argues that his 1980 state conviction for "criminal mis-

chief" is invalid and thus cannot serve as the predicate felony for a federal felon-in-possession-of-firearms conviction under § 1202(a)(1). He collaterally attacks the 1980 predicate felony on the ground that he did not knowingly or intelligently enter his guilty plea or waive his right to counsel in the 1980 state court proceeding. Whether one may collaterally attack a predicate felony conviction in order to assert a defense to a charge of violating the federal firearms laws is a question of law. *See Lewis v. United States,* 445 U.S. 55, 63–65, 100 S.Ct. 915, 919–21, 63 L.Ed.2d 198 (1980). Questions of law are subject to de novo review. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Generally, a defendant may not collaterally attack the validity of his predicate felony conviction in defense of a federal charge of being in possession of a firearm. *Lewis,* 455 U.S. at 67; *see United States v. Nicholas-Armenta,* 763 F.2d 1089, 1090 (9th Cir.1985). In *Lewis,* the Supreme Court stated that 18 U.S.C.App. § 1202(a)(1) is "a sweeping prophylaxis, in simple terms, against misuse of firearms. There is no indication of any intent [of Congress] to require the Government to prove the validity of the predicate conviction." *Lewis,* 445 U.S. at 63, 100 S.Ct. at 920. *Lewis* overruled the law in this circuit regarding the permissibility of collaterally attacking the validity of predicate convictions. *See generally United States v. Goodheim,* 651 F.2d 1294, 1298 (9th Cir.1981). Prior to *Lewis,* it was the law in this circuit that an invalid state conviction could not support a federal firearms conviction, and

collateral attack of the invalid conviction was permitted in the course of the federal firearms prosecution. *Id.* at 1298. Thus, *Lewis* enlarged the scope of criminal liability under 18 U.S.C.App. § 1202(a)(1).

■ Engesser contends he should be permitted to collaterally attack his 1980 predicate felony conviction notwithstanding *Lewis* because he entered his guilty plea to the predicate felony in January 1980 and the Supreme Court did not issue its decision in *Lewis* until February 27, 1980.

In *Goodheim,* we held that due process requires fair warning that particular conduct was criminal and that any judicial enlargement of the scope of criminal liability as a result of *Lewis* would be applied prospectively only. *Id.* at 1297–98. We stated that the criminal law "must have existed when the *conduct in issue occurred." Id.* at 1298 (emphasis added) *quoting Bouie v. City of Columbia,* 378 U.S. 347, 354, 84 S.Ct. 1697, 1703, 12 L.Ed.2d 894 (1964). We thus refused to apply *Lewis* retroactively to a defendant who "had no notice of the subsequently revised judicial view of the federal firearms statutes at the time he purchased the firearms." *Goodheim,* 651 F.2d at 1298.

In the present case, Engesser's conduct of possessing a firearm in violation of 18 U.S.C.App. § 1202(a)(1) occurred in August 1984 when he aimed a loaded shotgun at two Montana police officers. *Lewis* was decided in 1980, over four years before Engesser's conduct which led to his subsequent federal firearms conviction. Therefore, *Lewis* applies in this case and Engesser is precluded from collaterally attacking the 1980 predicate felony.[1]

---

1. Both Engesser and the district court unnecessarily focused on what constituted the date on which Engesser's conviction of the 1980 predicate felony was *entered.* Engesser pleaded guilty to the predicate felony in January 1980, the *Lewis* decision was issued in February 1980, and Engesser's guilty plea was accepted and the state court judgment on the predicate felony was entered in March 1980. *United States v. McWilliams,* 730 F.2d 1218 (9th Cir.1984) (per curiam), in which collateral attack on the predicate felony was assumed to be appropriate, contains the following dictum at page 1223: "This circuit, however, has held that such collateral attacks may be maintained against convictions entered prior to the *Lewis* decision." (citing *United States v. Goodheim,* 651 F.2d 1294 (9th Cir.1981). The conduct constituting the firearms violation in *McWilliams* occurred well before the *Lewis* decision was issued, and the *McWilliams'* court's reliance on *Goodheim* belies any intention to create an additional exception to *Lewis* other than the exception carved out by *Goodheim.*

## III. STATE EXPUNCTION LAW

█ Engesser finally argues that his 1980 state criminal mischief conviction cannot serve as the predicate felony for a firearms conviction under 18 U.S.C.App. § 1202(a)(1) because (a) prior to the 1984 shotgun incident, he had served his sentence for the 1980 conviction and had been restored all civil rights under state law, including the right to bear arms, and (b) the restoration of his civil rights under state law had been "equivalent to a pardon."

Article II, Section 28 of the Montana Constitution provides that "[f]ull rights are restored by termination of state supervision for any offense against the state." The state constitution also provides that Montana citizens shall have the right to bear arms. Mont. Const. art. II, § 12. The restoration of Engesser's civil rights under Montana law, however, did not preclude the federal government from regulating his possession of a firearm as a convicted felon. *See United States v. Bergeman,* 592 F.2d 533, 536 (9th Cir.1979). Congress did not intend that the federal firearms statutes would be applied in a patchwork fashion with enforcement dependent on the law of the state in which the predicate conviction occurred. *Id.* at 537. A state expunction law such as that contained within the quoted portions of the Montana Constitution can "determine the status for the purposes of state law, [but] it [can]not 'rewrite history' for the purposes of 'the administration of the federal criminal law or the interpretation of federal criminal statutes.'" *Hyland v. Fukuda,* 580 F.2d 977, 980–81 (9th Cir.1978) *quoting United States v. Potts,* 528 F.2d 883, 887 (9th Cir.1975) (Sneed, J., concurring in result); *see also Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 114–15, 103 S.Ct. 986, 992–93, 74 L.Ed.2d 845 (1983) (enforcement of federal firearms statutes is not subject to the vagaries of different state expunction laws); *United States v. McCroskey,* 681 F.2d 1152, 1153 (9th Cir.) (per curiam) (state expungement does not affect defendant's status under § 1202(a)(1), *cert. denied,* 459 U.S. 1019, 103 S.Ct. 383, 74 L.Ed.2d 515 (1982).

█ Engesser's contention that the state's expunction of his 1980 felony conviction constituted a pardon, and therefore that his possession of the shotgun was lawful under 18 U.S.C.App. § 1203, is also without merit. While § 1203 provides that the federal firearms statute Engesser was convicted of violating shall not apply to any person who has been pardoned by the President of the United States or the chief executive of a state and who has been expressly authorized by the President or such chief executive to possess a firearm, neither the President of the United States nor the chief executive of any state has granted Engesser a pardon for the 1980 predicate felony conviction. Furthermore, a state's expunction of a conviction alone does not satisfy the pardon exception of 18 U.S.C.App. § 1203. *United States v. Allen,* 699 F.2d 453, 457 (9th Cir.1982); *Bergeman,* 592 F.2d at 537 n. 11.

## CONCLUSION

We conclude that Montana's double jeopardy statute does not preclude federal prosecution for a violation of 18 U.S.C.App. § 1202(a)(1); that *Lewis* applies to this case and precludes Engesser from collaterally attacking his 1980 felony conviction; and that Montana's restoration of Engesser's civil rights did not affect the government's right to regulate his possession of a firearm as a convicted felon under 18 U.S.C. App. § 1202(a)(1) nor did it constitute a pardon under 18 U.S.C.App. § 1203.

AFFIRMED.