UNITED STATES of America, Appellee,

v.

**Andre D. ELLIS, Appellant.**

**No. 91–1479.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1991.

Decided Nov. 12, 1991.

Faison T. Sessoms, Minneapolis, Minn., argued, for appellant.

Frank J. Magill, Jr., Minneapolis, Minn., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Andre Ellis appeals from a sentence of fifteen years imprisonment following a conviction of one count of being a felon in possession of a firearm. Ellis argues that: (1) because Minnesota law restored his civil rights upon the completion of his sentences for his felony convictions, he was not a felon at the time of his arrest, and (2) the Government failed to prove by a preponderance of the evidence that his felony convictions were constitutionally obtained. We affirm.

## I. BACKGROUND

On May 23, 1990, St. Paul police arrested Ellis on suspicion of assault. The police found a .38 caliber revolver in Ellis's car.

A federal grand jury indicted Ellis on one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1),[1] 924(e)(1) (1988). As a basis for the charge of being a felon in possession of a firearm, the indictment listed prior felony convictions in Minnesota for aiding and abetting robbery in 1986, and burglary in 1982 and 1981. At the time of his arrest, Ellis had completed serving his sentences for those convictions.

A jury convicted Ellis of being a felon in possession of a firearm. Section 924(e)(1) calls for a mandatory sentence of fifteen years without parole for an offender with three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). Ellis argued in the district court[2] that his prior Minnesota convictions could not be used as predicate offenses for the purposes of § 924(e), because under Minnesota law his civil rights had completely been restored once he had served his sentences. Ellis also argued

that the Government had the burden of proving that his prior convictions were valid. The district court rejected Ellis's arguments and sentenced him to fifteen years in prison.

## II. DISCUSSION

For a felony conviction to be considered a predicate offense under 18 U.S.C. § 924(e), it must fit within the statutory definition in § 921(a)(20):

What constitutes a conviction of such a crime shall be determined in accordance of the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (1988).

This court noted in *United States v. Traxel*, 914 F.2d 119 (8th Cir.1990), that for a person to have "civil rights restored" by a state for purposes of § 921(a)(20), that state must actually restore the felon's right to possess firearms. *Id.* at 123; *see also United States v. McClean*, 904 F.2d 216, 218 (4th Cir.1990); *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990), *cert, denied,* —— U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1991).

The *Traxel* court's holding meshes with § 921(a)(20)'s legislative history. The Senate Report for one of the predecessor bills to Pub.L. No. 99–308, 100 Stat. 449 (1986), which contains the relevant portion of § 921(a)(20), states that the purpose in drafting § 921(a)(20) was to insure that when a state restored an ex-felon's right to

---

1. Section 922(g) states in relevant part:

    It shall be unlawful for any person—
    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
    ....
    to ship or transport in interstate or foreign commerce, or possess in or affecting com-

merce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

possess firearms, the federal government would reciprocate. S.Rep. No. 583, 98th Cong., 2d Sess. 7. Thus, as we recently explained in *United States v. Edwards,* 946 F.2d 1347, 1350 (8th Cir.1991), we must examine state law to determine the status of Ellis's convictions. *See also Presley v. United States,* 851 F.2d 1052, 1053 (8th Cir.1988) (examining Missouri law to determine civil rights). According to *Edwards,* where Minnesota law gives a previously convicted felon the right to carry a firearm, the federal government will recognize that right. At 1348–50.

Three Minnesota statutes deal with felons' civil rights with regards to firearms. Section 609.165, in effect since 1963, deals with restoration of civil rights, and reads in pertinent part:

> When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.

Minn.Stat. § 609.165 subd. 1 (1990).

This statute, which restores civil rights, must be construed in light of two provisions that restrict firearm rights. Section 609.165 subdivision 1a, passed in 1987, requires that the release orders for felons convicted of crimes of violence restrict them from possessing firearms for ten years.[3] Subdivision 1a was a response to Congress passing § 921(a)(20). The Minnesota legislature passed it to insure that federal law would recognize Minnesota convictions of violent felonies as predicate offenses. *See State v. Moon,* 463 N.W.2d 517, 519 (Minn.1990).

However, this court in *Traxel* held that Minn.Stat. § 624.713, in force since 1975, restricts the civil firearm rights of felons convicted of violent crimes. 914 F.2d at 123–24.[4] That statute reads in relevant part:

> The following persons shall not be entitled to possess a pistol:
>
> . . . .
>
> (b) a person who has been convicted in this state or elsewhere of a crime of violence unless ten years have elapsed since the person has been restored to civil rights or the sentence has expired, whichever occurs first, and during that time the person has not been convicted of any other crime of violence.

Minn.Stat. § 624.713 subd. 1(b) (1990).

Since 1975, felons convicted of violent crimes have not had the right to possess firearms until ten years have elapsed, without a similar conviction, from the date of discharge.[5]

Ellis argues that he should not be subject to § 924(e)'s fifteen-year mandatory penalty because two of his convictions were restored to civil rights before Minnesota passed § 609.165 subd. la in 1987. Disputing the correctness of the *Traxel* opinion, Ellis argues that § 624.713 did not place restrictions on firearm possession in his pre–1987 release orders, as required by § 921(a)(20). Therefore, he argues that those convictions cannot be counted as convictions under § 921(a)(20). In support of his conclusion, Ellis cites language from a Minnesota Supreme Court opinion which, on its face, seems to contradict *Traxel:*

---

**3.** That statute reads, in pertinent part:

The order of discharge must provide that a person who has been convicted of a crime of violence, as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of another crime of violence.

Minn.Stat. § 609.165 subd. 1a (1990).

**4.** In *Traxel,* this court held that the 1975 law could not be applied retroactively to prevent the restoration of the defendant's civil rights for a violent crime conviction in 1969 when the sentence was completed in 1973. 914 F.2d at 124–25.

**5.** In *United States v. Edwards,* 946 F.2d 1347 (8th Cir.1991), the defendant's earlier convictions were not "crimes of violence" under Minnesota law. Thus, the defendant's right to possess firearms was restored by Minn.Stat. § 609.165 subd. 1 (1990), and his prior convictions were held not to be predicate offenses under 18 U.S.C. § 921(a)(20). At 1348–50.

In Minnesota, upon the expiration of a person's sentence or by order of the court following a stay of imposition or execution of sentence, a person convicted of a crime is automatically restored to civil rights. See Minn.Stat. § 609.165 (1990). *Thus, after the 1986 federal legislation [passing the relevant portion § 921(a)(20)], federal law enforcement officials no longer could enforce the federal firearms restriction against persons convicted of felonies in Minnesota who had been restored to civil rights.* In 1987, the Minnesota legislature addressed this issue by requiring that trial courts impose a 10-year firearms restriction in the discharge orders of persons who had been convicted of crimes of violence.

*State v. Moon*, 463 N.W.2d 517, 519 (Minn. 1990) (emphasis added).

Ellis asserts that this passage proves that felons were completely restored to civil rights in Minnesota before 1987. Therefore, Ellis concludes that two of his convictions, restored to civil rights before 1987, should not count as predicate offenses under 18 U.S.C. § 924(e).[6]

Ellis acknowledges that his argument directly clashes with the *Traxel* court's decision, but argues that this court should overrule *Traxel* as being wrongly decided. Ellis notes that the Minnesota Supreme Court in *Moon* interpreted Minnesota law after *Traxel*, reaching a different conclusion.

Although the emphasized language in *Moon* appears to conflict with the panel decision in *Traxel*, we note that the conflicting language is dicta. The court in *Moon* was dealing with the state law issue of what crimes count as violent felonies for purposes of determining who may possess a weapon under Minn.Stat. § 609.165 (1990). 463 N.W.2d at 519–20. In explaining the Minnesota statutory history, it made a comment about federal law. The court was not faced with the issue of whether Minn.Stat. § 624.713 restricts the civil right of firearms possession to felons convicted of crimes of violence. We do not consider the *Moon* court's statements about § 921(a)(20) as binding upon us.

Regardless of the *Moon* decision, Ellis fails to grasp the impact of § 624.713. Because of that statute, and Ellis's felony convictions for three crimes of violence, Minnesota has yet to restore Ellis's civil right to possess firearms. Thus, Ellis' civil rights were not restored under § 921(a)(20) and his convictions count as predicate offenses for purposes of § 924(e). *See Traxel*, 914 F.2d at 123; *McClean*, 904 F.2d at 218; *Cassidy*, 899 F.2d at 548–49.

 Ellis also argues that his previous convictions may not be used to enhance his sentence because the Government failed to prove by a preponderance of the evidence that his convictions were constitutionally valid. Ellis cites *United States v. White*, 890 F.2d 1033, 1035 (8th Cir.1989), for the proposition that the Government must prove a conviction to be constitutionally valid by a preponderance of the evidence for it to be used for sentence enhancement.

We reject this argument. The defendant in *White* objected to the validity of his guilty pleas. The court held that once the validity of a conviction has been challenged, the government need only prove that a conviction is valid by a preponderance of the evidence, and not beyond a reasonable doubt. *Id.* The burden on the government this court wrote of in *White* does not apply because Ellis never challenged his convictions' validity. Thus, the district court properly considered Ellis's prior convictions to enhance his sentence for a felon in possession of a firearm.

## III. CONCLUSION

We affirm.

---

**6.** Ellis was convicted of burglary in 1981, and discharged in 1983; convicted again of burglary in 1982 and discharged in 1984; and finally convicted of robbery in 1986 and discharged in 1990. According to Ellis, only his 1986 conviction should count for purposes of § 921(a)(20).