Randall Kirk BELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 91–2584.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1992.

Decided July 9, 1992.

Order Denying Rehearing and Rehearing
En Banc Sept. 14, 1992.

Robert A. Wright, Jr., Des Moines, Iowa, argued, for appellant.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, argued (John E. Beamer, Asst. U.S. Atty. on the brief), for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Randall Kirk Bell, a federal prisoner, appeals from the denial of his 28 U.S.C. § 2255 motion. He argues that the sentencing court improperly used a 1975 state conviction, for which he has had his civil rights restored, to enhance his sentence under 18 U.S.C. § 924(e)(1). We reverse and remand for resentencing.

In February 1989, a jury convicted Bell of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government moved for an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1), which imposes a mandatory minimum fifteen-year sentence on any person convicted under section 922(g) who has three prior convictions for violent felonies or serious drug offenses. The government established that Bell had been convicted in Iowa of breaking and entering in 1969; attempted breaking and entering in 1975; and second-degree robbery in 1982. Accordingly, the district court granted the government's motion and sentenced Bell to twenty years in prison. Bell appealed his sentence, challenging the constitutionality of section 924(e)(1) on vagueness grounds. This court affirmed. *United States v. Bell*, 894

F.2d 1340 (8th Cir.1989) (unpublished per curiam).

Bell subsequently filed this section 2255 motion, alleging that the district court improperly included his 1969 conviction under section 924(e)(1) because he was a juvenile at the time. The district court denied the motion, concluding that Bell was convicted as an adult in 1969. Bell then moved for and received leave to file supplemental grounds in support of his motion. He asserted that the State of Iowa had restored his civil rights following his 1969 and 1975 convictions, and he submitted a Restoration of Citizenship certificate, signed by the Governor of Iowa and dated January 7, 1978. The certificate restored to Bell "all the rights, privileges, and immunities which were forfeited by reason of [his 1975] conviction." Based on this certificate, Bell argued that he did not have the three prior "convictions" necessary for the section 924(e)(1) enhancement because 18 U.S.C. § 921(a)(20) excludes from consideration any conviction for which a defendant has had his civil rights restored. The district court denied relief without holding a hearing.

On appeal, Bell reiterates the arguments raised in the motion.[1] In response, the government first asserts that the document did not restore all of Bell's civil rights unconditionally. Second, the government maintains that Iowa could not restore Bell's right to carry a firearm because at the time of his 1975 conviction, federal law prohibited a felon from possessing a firearm, absent express authorization in the restoration certificate. Third, the government contends that when Bell's rights were restored in 1978, Iowa law prohibited possession of a firearm by a convicted felon regardless of the restoration of civil rights, unless the certificate expressly authorized such possession. Finally, the government argues that the definition of "conviction"

contained in 18 U.S.C. § 921(a)(20), which became effective in 1986, cannot be applied retroactively to exclude Bell's 1975 conviction from consideration for enhancement purposes.

Section 921(a)(20) provides in part:

What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Before Congress enacted this version of section 921(a)(20), federal courts had held that a state's restoration of a felon's civil rights "would not remove the person from the definition of felon under the federal firearms laws." *United States v. Edwards*, 946 F.2d 1347, 1349 (8th Cir.1991). The purpose of section 921(a)(20) was to correct this, and "to insure that when a state restored an ex-felon's right to possess firearms, the federal government would reciprocate." *United States v. Ellis*, 949 F.2d 952, 953–54 (8th Cir.1991) (citation omitted). Thus, we must examine Iowa law governing the right of convicted felons to possess firearms to determine the status of Bell's convictions. *See id.* at 953; *United States v. Traxel*, 914 F.2d 119, 123 (8th Cir.1990).[2]

The parties agree that, at the time of Bell's 1975 conviction, Iowa law did not prohibit convicted felons from possessing firearms. Consequently, under state law, Bell retained the right to possess firearms despite his felony conviction. *See Traxel*,

---

1. In an addendum to his reply brief, Bell attached an unsigned copy of a Restoration of Citizenship certificate, apparently referring to the 1969 breaking and entering conviction, which he did not present to the district court. We do not consider this document because it is not a part of the record on appeal. *See Kirshner v. Uniden Corp.,* 842 F.2d 1074, 1077 (9th Cir.1988) (papers not filed with district court cannot be part of record on appeal).

2. In *Traxel,* we vacated a sentence imposed under section 924(e)(1) because two of the convictions used to enhance the defendant's sentence were convictions for which he had had his civil rights restored, and state law in effect at the time imposed no limitation on a convicted felon's right to possess firearms.

914 F.2d at 123–25; *cf. Ellis,* 949 F.2d at 954–55 (convictions not excluded because state law in effect before restoration expressly limited felon's right to possess firearm). Moreover, the Iowa restoration of rights statute in force when Bell received his certificate provided the governor with authority to "grant any convict ... a certificate of restoration to all of the convict's rights of citizenship." Iowa Code Ann. § 248.12 (West 1985). In *Traxel,* we characterized a similar Minnesota restoration statute as providing a "plenary restoration." *Traxel,* 914 F.2d at 123; *cf. Presley v. United States,* 851 F.2d 1052 (8th Cir. 1988) (Missouri statute, which stated that criminal conviction imposed no legal disability except as otherwise provided, did not substantially restore felon's rights because other laws imposed significant restrictions on convicted felons).

The government correctly points out, however, that language in Bell's certificate limits the scope of the rights it purports to restore. The certificate states that it should not be construed as a pardon, and "shall not operate as a bar to greater penalties for second offenses or subsequent convictions or a conviction as a habitual criminal." We hold that this limitation does not satisfy the "unless" clause of section 921(a)(20), which requires the restoration certificate to provide "expressly ... that the person may not ... possess ... firearms." *See United States v. Davis,* 936 F.2d 352, 357 (8th Cir.1991) (letter notifying defendant that federal firearm disabilities not removed by restoration sufficient under section 921(a)(20)), *cert. denied,* —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *United States v. Erwin,* 902 F.2d 510, 513 (7th Cir.) (state must tell felon "point blank that weapons are not kosher"), *cert. denied,* —— U.S. ——, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990).

The government maintains that Iowa could not restore Bell's right to possess a firearm because in 1975, federal law pro-

hibited convicted felons from possessing any firearm "in or affecting commerce," 18 U.S.C. app. § 1202(a) (1976), unless that person had been pardoned and had "expressly been authorized ... to receive, possess, or transport in commerce a firearm." *Id.,* § 1203(2) (repealed 180 days after May 19, 1986). The government contends that Bell's certificate did not restore his right to possess firearms because it did not contain this express authorization. In support of this argument, the government cites language from *Davis.*[3] But the *Davis* court observed that it did "not have to decide how far § 921(a)(20) potentially may reach, for when Minnesota discharged Davis in 1976 from his 1971 burglary conviction he was expressly and clearly told ... that 'this certificate does not relieve you of the disabilities imposed by the Federal Gun Control Act.'" *Davis,* 936 F.2d at 357 (internal quotation omitted). *Davis* is therefore not controlling here because Bell did not receive with his restoration certificate any notification of the federal prohibition on possessing firearms.

The Ninth Circuit addressed and rejected an identical argument in *United States v. Dahms,* 938 F.2d 131 (9th Cir.1991). That court previously had held that restoration of a defendant's civil rights under state law did not affect the federal government's right to prohibit a felon's possession of a firearm under 18 U.S.C. app. § 1202(a)(1). *See United States v. Engesser,* 788 F.2d 1401, 1405 (9th Cir.), *cert. denied,* 479 U.S. 869, 107 S.Ct. 233, 93 L.Ed.2d 159 (1986). The court concluded that it was not bound by its previous decision because "[t]he very Act that repealed the provision at issue in *Engesser* ... enacted the current version of 18 U.S.C. § 921(a)(20).... In light of this change in the law ... the government's reliance on *Engesser* is not well taken." *Dahms,* 938 F.2d at 134; *see also United States v. McBryde,* 938 F.2d 533, 535 (4th Cir.1991). We agree with the con-

---

3. In *Davis,* the court stated:

The restoration of [the defendant's] civil rights by Minnesota upon his discharge from that conviction in 1976 could give him only what Minnesota had the power to give. With respect to firearms, what Minnesota had the power to give was only a narrow right to possess a firearm that was not in or affecting interstate commerce.

*Davis,* 936 F.2d at 357 (citations omitted).

clusion in *Dahms* and reject the government's argument. In our view, the government's position contradicts the clear language of the statute and would defeat its purpose—to allow states to restore the right of convicted felons to possess firearms. *See Edwards,* 946 F.2d at 1349–50.

■ The government next contends that the 1978 restoration certificate did not give Bell the right to carry a firearm because that same year Iowa passed a law prohibiting felons from possessing firearms, Iowa Code Ann. § 724.26 (1979) (eff. Jan. 1, 1978), absent express authorization in a restoration certificate. *Id.,* § 724.27 (1979) (eff. Jan. 1, 1978). This argument is foreclosed by *Davis.* There, the government maintained that a 1975 state law prohibiting felons from possessing pistols for ten years after restoration of their rights applied to a person convicted in 1971, whose rights were restored in 1976. *Davis* held that because the 1975 law increased the punishment for conviction of a violent crime by delaying restoration of the right to own a pistol for ten years, a disability not in effect at the time Davis was convicted, "it would be a violation of the Ex Post Facto Clause to apply retroactively the 1975 Minnesota law to Davis's 1971 conviction." *Davis,* 936 F.2d at 356.

■ Finally, citing *United States v. Brebner,* 951 F.2d 1017 (9th Cir.1991), the government argues that the definition of "conviction" contained in section 921(a)(20) cannot be applied retroactively to exclude Bell's 1975 conviction from consideration for enhancement purposes. The government's argument misconstrues the *Brebner* holding. In *Brebner,* the court held that "section 921(a)(20) cannot be retroactively applied to the offenses in Brebner's indictment because they were all alleged to have occurred prior to 180 days after May 19, 1986 [the statute's effective date]." *Brebner,* 951 F.2d at 1022. The "offenses" to which the court referred were the federal firearms charges for which Brebner had been indicted. *Id.* at 1019. The court did not hold the section 921(a)(20) definition of conviction inapplicable because Brebner's 1976 and 1977 state convictions occurred

prior to its effective date. Here, Bell was arrested for being a felon in possession of a firearm in September 1987, well after the effective date of section 921(a)(20). Moreover, we have already held that section 921(a)(20) can remove from consideration for enhancement purposes convictions which occurred before its effective date. *See Traxel,* 914 F.2d at 124–25.[4]

Accordingly, we reverse and remand for resentencing. The 1975 conviction may not be considered for enhancement purposes. On remand, the district court may consider any evidence Bell offers regarding the restoration of his rights following the 1969 conviction.

### ORDER

#### September 14, 1992

The suggestion for rehearing en banc is denied. Judge Fagg, Judge Bowman, Judge Beam, Judge Loken, and Judge Hansen would grant the suggestion for rehearing en banc.

The petition for rehearing is also denied.

---

**4.** We do not address the argument raised for the first time in Bell's reply brief that the government should have been required to prove at

sentencing that his prior convictions were not excluded by section 921(a)(20). *See Estes v. United States,* 883 F.2d 645, 648 (8th Cir.1989).