UNITED STATES of America, Appellee,

v.

Gary Lee WIND, Appellant.

No. 92–1331.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1992.
Decided March 4, 1993.

---

Mark D. Nyvold, St. Paul, MN, argued for appellant.

D. Gerald Wilhelm, Minneapolis, MN, argued (Thomas B. Heffelfinger and Christopher J. Bebel, on the brief), for appellee.

Before McMILLIAN, MAGILL and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Gary Lee Wind appeals his conviction following a jury trial and the fifteen-year sentence imposed on him by the District Court for the District of Minnesota under 18 U.S.C. § 924(e)(1), for possessing a firearm in violation of 18 U.S.C. § 922(g). Wind challenges the sufficiency of the evidence and the use of his prior convictions in applying the fifteen-year mandatory minimum sentence enhancement under 18 U.S.C. § 924(e)(1). We affirm the conviction but reverse the sentence and remand for resentencing.

On April 5, 1991, a Minneapolis police officer was filling the gas tank of his squad car when he was approached by a man who appeared nervous and upset. The man told the officer something which caused the officer to call for backup and to drive about a block from the gas station. The officer saw a man who fit the description that had been given to the officer walking along carrying a small brown suitcase. The man noticed the squad car, dropped the suitcase and attempted to flee. A backup squad car had arrived and that officer stopped the man while the first officer retrieved the suitcase. A firearm, later identified as a Norinco 7.62 × 39 mm semi-automatic rifle, was found inside the suitcase. The firearm was not loaded and there was no ammunition in the suitcase. The police arrested the man, who was later identified as Wind.

Wind was charged with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). The government at trial alleged that Wind had three prior violent felony convictions for purposes of sentence enhancement under 18 U.S.C. § 924(e)(1). Wind has burglary convictions from 1985, 1987, and 1990. Burglary is considered a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). Wind was found guilty by a jury, and the district court sentenced

him to fifteen years in prison, the minimum mandatory sentence under 18 U.S.C. § 924(e)(1), four years supervised release and a special assessment of $50.00. The district court rejected Wind's argument that his prior convictions for which he had had his civil rights restored could not be counted for sentence enhancement purposes because the restoration of rights did not contain an express limitation on firearms possession. The district court decided that the scope of civil rights restored did not include firearms possession because, since 1975, a state statute barred felons from possessing pistols, citing *United States v. Traxel*, 914 F.2d 119, 124 (8th Cir.1990), and Minn.Stat. § 624.713 subd. 1(b). This appeal followed.

■ Wind first argues the evidence at trial was insufficient to prove possession of the firearm and his identity. We disagree. We review the evidence together with all reasonable inferences in the light most favorable to the government, as the prevailing party. We hold there was sufficient evidence that Wind knowingly possessed a firearm. As noted by the government, Wind had actual possession of the suitcase. The rifle was inside the suitcase. Wind abandoned the suitcase and attempted to flee when the police approached him; both actions support the inference that he knew what was inside the suitcase. We also hold that there was sufficient evidence that Wind was the same Gary Lee Wind named in the 1990 judgment of conviction. Although the government presented no corroborating identification evidence, the names were the same, the date of birth on the judgment corresponded to Wind's age and the defense presented no evidence that Wind was not the Gary Lee Wind named in the judgment of conviction. Consequently, the district court's finding that Wind was the same Gary Lee Wind named in the 1990 judgment of conviction is not clearly erroneous.

A defendant convicted of unlawful possession in violation of 18 U.S.C. § 922(g) who has three prior violent felony convictions can be sentenced to an enhanced penalty under 18 U.S.C. § 924(e)(1), which imposes a fifteen-year minimum mandatory sentence. Title 18 U.S.C. § 924(e)(2)(B), defines "violent felony" as a "crime punishable by imprisonment for a term exceeding one year." Section 921(a)(20) defines "conviction" according to:

the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

■ The reference to state law was added as part of the 1986 amendments to the federal firearms statutes. Before the 1986 amendments, federal law exclusively defined prior convictions for purposes of the felon-in-possession statute and determined the effect to be given a state conviction for purposes of prosecution for federal firearms violations, including the effect of any state pardon, expungement, or restoration of civil rights so far as those provisions purported to exempt a person from federal firearms statutes. *See United States v. Edwards*, 946 F.2d 1347, 1349 (8th Cir. 1991). However, after the 1986 amendments, state law determines what constitutes a prior state conviction for purposes of federal firearms statutes, including the effect of any state pardon, expungement or restoration of civil rights. *Id.* Thus, after the effective date of the 1986 amendments, if a state restores a felon's civil rights, that person will not be subject to the federal prohibition against firearm possession nor can that conviction be used for purposes of sentence enhancement unless the state expressly excludes possession of firearms from the restoration of civil rights. *See Bell v. United States*, 970 F.2d 428, 429 (8th Cir.1992); *United States v. Ellis*, 949 F.2d 952, 953–54 (8th Cir.1991).

Minnesota's civil rights restoration statute, Minn.Stat. § 609.165 subd. 1, is a plenary restoration of civil rights provision and is effective automatically upon expira-

tion of a sentence—it restores the person to "all civil rights and to full citizenship, with full rights to vote and hold office, the same as if such conviction had not taken place." However, in response to the 1986 amendments, Minnesota enacted a firearms limitation to the restoration of civil rights provision, Minn.Stat. § 609.165 subd. 1a, which provides that the order of discharge for a person who has been convicted of a crime of violence must provide that the person is not entitled to possess a firearm until ten years after the restoration of civil rights. This specific firearms limitation provision was effective May 29, 1987. The Minnesota Supreme Court has interpreted this limitation provision to require the state to give notice to persons convicted of crimes of violence that they are subject to federal firearms laws for at least ten years. *State v. Moon*, 463 N.W.2d 517, 521–22 (Minn.1990).

In addition, since 1975, Minnesota has barred convicted felons from possessing pistols for ten years following their release. Minn.Stat. § 624.713 subd. 1(b). In *United States v. Traxel*, this court held that Minn.Stat. § 609.165 subd. 1a appeared to be exactly the sort of express limitation on the right to possess firearms which Congress contemplated in enacting the 1986 amendments defining conviction in terms of state law. 914 F.2d at 123–24. However, the court did not distinguish "pistols" from "firearms." The court also held that since 1975 the civil rights restored to convicted felons by Minn.Stat. § 609.165 exclude the right to possess pistols pursuant to Minn.Stat. § 624.713. 914 F.2d at 124.

■ Wind argues the district court erred in using his 1985 conviction as a prior violent felony conviction for purposes of sentence enhancement under 18 U.S.C. § 924(e)(1) because he received his discharge for that conviction during the period of several months between the effective date of the 1986 amendments and the effective date of the state statute excluding the right to possess firearms from the restoration of rights. Wind argues that, without his 1985 conviction, he does not have the

three prior violent felony "convictions" necessary for sentence enhancement under 18 U.S.C. § 924(e)(1). In response, the government argues there was no gap between the effective date of the 1986 amendments and the effective date of the state statute excluding the right to possess firearms from the restoration of civil rights because since 1975 state law has prohibited convicted felons from possessing pistols for ten years after restoration of civil rights.

Wind's 1985 conviction was discharged on May 4, 1987. The date of discharge is important because it occurred after November 19, 1986, the effective date of the 1986 amendment to 18 U.S.C. § 921(a)(20), but before May 29, 1987, the effective date of Minn.Stat. § 609.165 subd. 1a. Therefore, when Minnesota discharged Wind in 1987 for his 1985 conviction, neither federal law nor state law expressly provided that the discharge excluded the right to possess firearms. It is true that since 1975 state law has excluded the right to possess pistols for ten years from the civil rights restored to felons. Minn.Stat. § 624.713 subd. 1(b). However, Wind was not found in possession of a pistol as prohibited by Minn.Stat. § 624.713 subd. 1(b); he was found in possession of a rifle. *United States v. Traxel*, 914 F.2d 119, does not make a distinction between pistols and firearms and we found no state cases defining rifles as pistols. *Cf. State v. Harrison*, 279 Minn. 310, 312, 156 N.W.2d 763, 765 (1968) (rifle differentiated from pistol); *State v. Allen*, 375 N.W.2d 82, 83 (Minn.Ct. App.1985) (sawed off shotgun may be a pistol by statutory definition, Minn.Stat. §§ 609.67 subd. 1(c), 624.712 subd. 2). The 1975 statute could have prohibited all firearms, which would have included both pistols and rifles, but it did not do so until 1987. Therefore, we hold that Wind's 1985 conviction should not have been considered for purposes of sentence enhancement under 18 U.S.C. § 924(e)(1).

■ Wind next argues the district court erred in considering his 1987 conviction for purposes of sentence enhancement. Minnesota discharged him from this conviction on January 13, 1990. There is no

question that the 1986 amendments to 18 U.S.C. § 921(a)(20) and the 1987 amendment to Minn.Stat. § 609.165 apply to this discharge. However, the order of discharge did not expressly exclude from the restoration of civil rights the right to possess firearms. The omission was apparently an oversight. Nonetheless, the omission of the required express limitation of the right to possess firearms cannot be overlooked, particularly in light of the plenary nature of the Minnesota restoration statute. *United States v. Traxel*, 914 F.2d at 123; cf. *Bell v. United States*, 970 F.2d at 430 (Iowa law). Thus, because the 1990 discharge did not contain any express limitation of the right to possess firearms, Wind's 1987 conviction cannot be considered for purposes of sentence enhancement under 18 U.S.C. § 924(e)(1).

Accordingly, we affirm the conviction but reverse and remand for resentencing. The 1985 and 1987 convictions may not be considered for purposes of sentence enhancement.

MAGILL, Circuit Judge, with whom HANSEN, Circuit Judge, joins, concurring specially.

I agree with and concur in the opinion, but would like to clarify a point concerning the discussion of whether Wind's 1987 conviction should be used for purposes of sentence enhancement.

The fact that the order of discharge itself did not contain an express limitation on the right to possess firearms is not controlling. This court has held that even if the discharge certificate itself does not include the express limitation required by § 921(a)(20), a prior conviction is used for sentence enhancement if the defendant may not legally possess the firearm in the state that convicted him. *Davis v. United States*, 972 F.2d 227, 231 (8th Cir.1992).

Consequently, to determine whether a defendant's prior conviction can be used for sentence enhancement, this court must: (1) determine whether the order of discharge itself contains an express limitation on the right to possess firearms, and if it does not; (2) determine whether the defendant is pro-

hibited by state law from possessing firearms.

Although Wind's order of discharge does not contain an express limitation, we still must determine whether Minnesota law prohibits him from possessing the rifle at issue. If Minnesota law did prohibit him from possessing the rifle, his 1987 conviction would be considered for purposes of sentence enhancement even though the order of discharge did not contain an express limitation. However, Minnesota law does not prohibit felons from possessing rifles. *See* Minn.Stat. § 624.713 subd. 1(b) (prohibiting a felon only from possessing a pistol).

Therefore, because the order of discharge from Wind's 1987 conviction did not contain an express limitation on his right to possess firearms, *and* Minnesota law does not prohibit Wind from possessing a rifle, Wind's 1987 conviction cannot be considered for purposes of sentence enhancement.