998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Deroise J. WASHINGTON, Appellant.
 No. 93-1197.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 2, 1993.
Filed: July 12, 1993.
 
 Appeal from the United States District Court for the District of Nebraska.
 D.Neb.
 AFFIRMED.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Deroise Washington appeals the seventy-seven-month sentence imposed by the district court[1] following his conviction for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We affirm.
 
 
 2
 A jury convicted Washington of being a felon in possession of a firearm following a one-day trial. The district court ordered a presentence report (PSR). The PSR calculated Washington's base offense level as 20, under U.S.S.G. § 2K2.1(a)(4)(A). Washington objected to the PSR's base offense level calculation. He argued that under 18 U.S.C. § 921(a)(20), his 1988 Nebraska assault conviction could not be used to compute his base offense level because his civil rights had been restored pursuant to Neb. Rev. Stat. § 83-1,118(5) (Supp. 1992) upon his release from prison, and his restoration certificate did not expressly provide that he could not possess firearms. Washington acknowledged that Nebraska law prohibited felons from possessing firearms, but maintained that section 921(a)(20) required that any limitation on this right appear on the restoration certificate to be effective. The district court overruled the objection. After making other adjustments to the offense level, the district court sentenced Washington to seventy-seven months. On appeal, Washington argues that the district court erred by denying his objection.
 
 
 3
 To determine whether a defendant's prior conviction counts for sentence enhancement purposes under section 921(a)(20), we must "(1) determine whether the order of discharge itself contains an express limitation on the right to possess firearms, and if it does not; (2) determine whether the defendant is prohibited by state law from possessing firearms." United States v. Wind, 986 F.2d 1248, 1252 (8th Cir. 1993) (Magill & Hansen, J.J., concurring). The certificate at issue here contains no express limitation on the right to possess firearms. Instead, it purports to restore all of Washington's civil rights. Nevertheless, if Nebraska law prohibited felons from possessing firearms at the time Washington received his restoration certificate, the prior conviction is not excluded under section 921(a)(20). See Bell v. United States, 970 F.2d 428, 429-30 (8th Cir. 1992).
 
 
 4
 Washington concedes that Nebraska law prohibits convicted felons from possessing firearms, Neb Rev. Stat. § 28-1206 (1989), but argues that, notwithstanding this prohibition, section 921(a)(20) requires that the limitation on the right to possess firearms be included on the restoration certificate. We reject this argument as we have on numerous occasions. See, e.g., Davis v. United States, 972 F.2d 227, 230-31 (8th Cir. 1992), cert. denied, 113 S. Ct. 1360 (1993); United States v. Ellis, 949 F.2d 952, 953 (8th Cir. 1991); United States v. Traxel, 914 F.2d 119, 124 (8th Cir. 1991).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska