61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Franklin PELKEY, Defendant-Appellant.
 No. 94-50558.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Franklin Pelkey appeals his jury conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g) (1) and 924(e). Pelkey contends for the first time on appeal that his federal conviction violated due process. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court may only review for plain error an issue that is raised for the first time on appeal. United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir. 1992), cert. denied, 113 S. Ct. 1290 (1993). "A plain error is a highly prejudicial error affecting substantial rights." Id. We are limited to correcting actual errors which are "clear" and "obvious" under current law. United States v. Olano, 113 S. Ct. 1770, 1777 (1993).
 
 
 4
 Pelkey contends that his firearm possession conviction in federal court violated due process because it arose out of the same incident for which he had previously been convicted in state court for robbery, attempted kidnapping, and evading an officer. Pelkey argues that, although his conviction was not violative of double jeopardy, the successive prosecution violated due process because there could be no compelling interest to prosecute him a second time. This contention lacks merit.
 
 
 5
 Because the United States and the State of California are separate sovereigns, each is entitled to institute criminal prosecutions, even when they prosecute the same offender for conduct arising out of the same incident. See Heath v. Alabama, 474 U.S. 82, 88-89 (1985); Rinaldi v. United States, 434 U.S. 22, 28 (1977). When the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punished." Heath, 474 U.S. at 88.
 
 
 6
 Pelkey was properly prosecuted by a separate sovereign for the federal firearms possession offense arising out of the same conduct underlying his state convictions. See Heath, 474 U.S. at 88-89. There is no evidence to suggest that the government's decision to prosecute Pelkey was improperly motivated or was intended to subject him to a multitude of successive trials. See United States v. One 1978 Piper Cherokee Aircraft, 37 F.3d 489, 495 n.10 (9th Cir. 1994). Moreover, Pelkey's assertion that the state offense would have been barred by state law if the federal offense had been brought first is not persuasive. A state law barring prosecution for an offense which has been prosecuted in the United States or another state does not preclude the federal government from prosecuting a defendant for conduct which had already been prosecuted in that state. See United States v. Engesser, 788 F.2d 1401, 1403 (9th Cir.), cert. denied, 479 U.S. 869 (1986).
 
 
 7
 Finally, Pelkey contends that the Armed Career Criminal Act was not intended to apply to defendants who violate 18 U.S.C. Sec. 922(g)(1). Pelkey, however, was convicted of at least three prior violent felonies which clearly qualified him as an armed career criminal under the Act.
 
 
 8
 Accordingly, the district court did not commit plain error when it prosecuted Pelkey for being a felon in possession of a firearm. Dischner, 974 F.2d at 1515.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Pelkey's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Pelkey also filed a motion for an order allowing supplemental briefing in light of the United States Supreme Court's decision in United States v. Lopez, 115 S. Ct. 1624 (1995) holding 18 U.S.C. Sec. 922(q) unconstitutional on Commerce Clause grounds. Because Sec. 922(g) requires that the firearm have been, at some time, in interstate commerce, its constitutionality is sufficiently established under the Commerce Clause. See United States v. Hanna, No. 94-10131 Slip op. 5953, 5965-66 n.2 (9th Cir. May 31, 1995). Accordingly, Pelkey's motion is denied