61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin Dale McCLAIN, Defendant-Appellant.
 No. 94-30004.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1995.*
Decided July 26, 1995.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and LEW,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Edwin Dale McClain appeals his conviction by guilty plea and two-year sentence for being a felon in possession of a firearm, in violation of Title 18 U.S.C. Secs. 922(g) and 924(a)(2). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 4
 We first address McClain's argument that the district court erred in denying his motion to withdraw his guilty plea. A withdrawal motion is committed to the sound discretion of the district court, and McClain bears the burden on appeal to show that the district court abused its discretion. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1998). McClain claims that the district court abused its discretion because (1) he was denied his "counsel of choice," an individual not licensed to practice law, and (2) jurisdictional and other information was withheld from him.
 
 
 5
 As the district court noted, McClain has no right to lay counsel. See United States v. Turnbull, 888 F.2d 636, 638 (9th Cir.1989). We also reject McClain's contention that information was withheld from him. Our review of the record indicates that McClain was given the necessary information to make an informed decision. See United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir.1987). And, we find nothing improper about the conduct of the district court or the prosecutor. In short, McClain has come forth with no facts suggesting that his plea was involuntary or coerced in any manner. The district court did not abuse its discretion in refusing to allow him to withdraw the plea.
 
 II.
 
 6
 Because we conclude that McClain voluntarily pleaded guilty, we decline to address his challenges to the arrest warrant and search of his residence. McClain could not prove these claims without an evidentiary hearing or trial testimony, and he has therefore waived them by pleading guilty. See United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990); United States v. Caparell, 938 F.2d 975, 977 (9th Cir.1991); see also Hoffman v. United States, 327 F.2d 489, 490 (9th Cir.1964). McClain also waived his right to complain that he did not have the requisite intent to commit the crime. Montilla, 870 F.2d at 552; Caparell, 938 F.2d at 977; see also United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989).
 
 III.
 
 7
 A guilty plea does not waive "jurisdictional" defenses, which include claims that the applicable statute is unconstitutional or that the information or indictment fails to state an offense. Caparell, 938 F.2d at 977. McClain makes several jurisdictional challenges, all of which we reject.
 
 
 8
 First, McClain contends that the district court lacked subject-matter and personal jurisdiction. District courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. Sec. 3231. The indictment alleged a violation of Sec. 922(g), an offense against the laws of the United States, and this is all that is necessary for subject-matter jurisdiction.[1] In addition, McClain's presence before the district court gave the court personal jurisdiction over him. United States v. Zammiello, 432 F.2d 72, 73 (1970).
 
 
 9
 Second, McClain contends that Congress exceeded its power under the Commerce Clause when it enacted Sec. 922(g). We have consistently rejected this argument. See, e.g., United States v. Hanna, 55 F.3d 1456 (9th Cir.1995).
 
 
 10
 Third, McClain argues that Sec. 922(g) is an unconstitutional bill of attainder. "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.' " Atonio v. Wards Cove Packing Co., 10 F.3d 1485, 1495 (9th Cir.1993) (quoting Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 468 (1977)). Section 922(g) does not determine guilt; it does not remove the protections of a trial. It therefore is not a bill of attainder.
 
 
 11
 Fourth, McClain maintains that Sec. 922(g) violates his Second Amendment right to bear arms. The Supreme Court has long held that the Second Amendment is not an absolute bar to congressional regulation of the use or possession of firearms; it only guarantees use or possession which "has some reasonable relationship to the preservation or efficiency of a well-regulated militia." See United States v. Miller, 307 U.S. 174, 178 (1939); see also Cody v. United States, 460 F.2d 34, 37 (5th Cir.1972). McClain does not argue that Sec. 922(g) obstructs the maintenance of a well-regulated militia. We therefore reject his claim that Sec. 922(g) violates the Second Amendment. Cf. United States v. Tomlin, 454 F.2d 176 (9th Cir.1972) (statutes requiring registration of firearms and making it unlawful to possess an unregistered firearm do not infringe Second Amendment right to bear arms).
 
 
 12
 Finally, McClain's argument that Sec. 922(g) cannot constitute a crime because there is "no victim" is absurd. McClain cites no authority for this argument, and we reject it outright.
 
 V.
 
 13
 McClain also contends that his prosecution for being a felon in possession of a firearm is barred by double jeopardy because his probation on the underlying offense was revoked for the same conduct. Even assuming this claim was not waived by McClain's guilty plea, see United States v. Broce, 488 U.S. 563, 574-76 (1989), it must be rejected. It is well-settled that double jeopardy does not prohibit prosecution for conduct which also serves as the basis for a probation revocation. See United States v. Soto-Olivos, 44 F.3d 788, 789 (9th Cir.1995) (and cases cited therein).
 
 VI.
 
 14
 McClain argues that his sentence violates the Eighth Amendment. We disagree. The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." United States v. Bland, 961 F.2d 123, 129 (9th Cir.1992) (citations and internal quotations omitted). McClain's two-year sentence for possessing a firearm after being convicted of a felony is not grossly disproportionate. The sentence falls considerably below the ten-year statutory maximum for the crime. See 18 U.S.C. Sec. 924(a)(2). As a general rule, we will not overturn a sentence below the statutory maximum on Eighth Amendment grounds. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990); United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir.1988). McClain presents no persuasive argument for departing from this general rule, and we decline to do so in this case.
 
 VII.
 
 15
 Finally, we reject McClain's assertion that the district court erred by denying his pretrial motions without an evidentiary hearing. We note that McClain has not cited any authority suggesting that the district court was obligated to grant him a hearing. McClain's motions were frivolous, and the district court did not abuse its discretion in summarily denying them. Cf. United States v. Quan, 789 F.2d 711, 715 (9th Cir.1986) (evidentiary hearing not necessary for frivolous claims in habeas petition).[2]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McClain's contention that the district court lacked subject-matter jurisdiction because there are no federal regulations to implement Sec. 922(g) is without merit. Section 922(g) and its enforcement scheme is clear, and regulations are not required to convey jurisdiction or give notice of what actions violate the law. See Hudson v. United States, 766 F.2d 1288, 1291 (9th Cir.1985)
 
 
 [2]
 We decline to address McClain's challenge to the federal conviction underlying the felon in possession charge. McClain pleaded guilty to the underlying offense, and there is no contention that the conviction has been reversed or vacated. Instead, McClain argues that "[t]here was a conscious and deliberate effort to conceal material facts" in the underlying case. McClain can attempt to pursue this claim in a Sec. 2255 motion; "a firearms conviction does not open the predicate conviction to a new form of collateral attack." Lewis v. United States, 445 U.S. 55, 67 (1980); see also United States v. Engesser, 788 F.2d 1401, 1404 (9th Cir.1986)